INHABITANTS OF DRESDEN *vs.* COUNTY COMMISSIONERS.

*Amendment. Certiorari.*

The county commissioners have a right to amend their records in accordance with the facts at any regular meeting of the board.

In their report of the location of a town way the county commissioners accidentally omitted to state that the selectmen unreasonably refused to lay it out; upon the hearing of a petition for *certiorari* to quash the proceedings on account of this omission, the county commissioners offered to testify that they did determine the refusal to locate to be unreasonable, and to amend their report accordingly; *held*, that they should have been permitted to do so.

ON EXCEPTIONS.

PETITION for *certiorari* to quash the proceedings of the respondents in laying out a town way in Dresden, which the selectmen of that town had refused to locate. The petition to the county com-

missioners alleged this refusal to be unreasonable, but the commissioners did not say, in their report, that they determined it to be so ; the attorney for those who asked to have the way established, however, at the hearing at *nisi prius*, offered the commissioners as witnesses to prove that they did so determine in fact, and would amend their record accordingly, if the law would permit. The presiding justice excluded the testimony, to which exceptions were taken.

*Wales Hubbard*, in support of the exceptions.

The ruling in *State v. Pownal*, 10 Maine, 24, was upon the final writ ; upon the petition for it, evidence *aliunde* is admissible, because it is matter of discretion whether to grant or withhold it. *West Bath*, pet'r, 36 Maine, 74 ; *Smith*, pet'r, 42 Maine, 395.

*Gould & Moore*, contra.

This court could not order the amendment of the record of another tribunal. *Hobbs v. Staples*, 19 Maine, 219. Therefore it would have been useless to hear the testimony offered. If admitted, it could not change the record, which spoke for itself. If the commissioners have the power to amend their records, they do not derive it from this court, but can do so without leave, and their oral statement is not to be substituted for the record. The ruling was discretionary and not subject to exception.

The commissioners never had jurisdiction of this matter because the petition to them does not appear upon its face to have been presented by the persons, or within the time, mentioned in the statute.

Every fact essential to give jurisdiction must be distinctly alleged. *State v. Pownal*, 8 Maine, 271, and 10 Maine, 24 ; *Goodwin v. Hallowell*, 12 Maine, 271 ; *Small v. Pennell*, 31 Maine, 267.

APPLETON, C. J. This is a petition for a writ of *certiorari* to quash the proceedings of the county commissioners of Lincoln county in laying out a town way in Dresden.

The error alleged, and to which the exceptions relate, is in these

Dresden v. Co. Commissioners.

words. Because "it does not appear by the record of the proceedings and adjudication of the county commissioners that it was considered or adjudged by them that the municipal officers of the said town of Dresden had unreasonably neglected or refused to lay out said town way, or that said court of commissioners took any action or made any adjudication thereto."

The original petitioners in their petition set out that the road in question "would be of public convenience ; that the selectmen of Dresden aforesaid have unreasonably refused to lay out said way."

At the hearing of these petitioners for *certiorari*, the attorney of the original petitioners for the road offered to prove by the county commissioners, that, on the hearing of the case, they determined that the selectmen of Dresden had unreasonably refused to lay out the road as prayed for and that the commissioners would, if by law allowable, amend their report accordingly."

The writ of *certiorari* had not issued. The question for adjudication was whether it should issue. The issuing is a matter of judicial discretion. It should never issue when injustice would ensue.

It does not follow that it should issue because there may have been errors in the proceedings. Now, the evidence being excluded, we must assume the facts offered to be proved, as proved. It being shown then, that in truth, the county commissioners had adjudicated that the selectmen of Dresden had unreasonably refused to lay out the way prayed for, and that through negligence or any other cause they omitted to make a full record of their doings and findings, why should the writ issue ? To allow it to issue, this being shown, would be to defeat the ends of justice.

The county commissioners have the control of their own records. Any error of omission, they could, at a legal meeting of their body, correct. It would be their duty so to do. The case shows that they would so amend, if by law allowable. If the writ should issue, and the record should be offered with the amendment made, the proceedings would not be quashed because the error for which it is sought to quash would have ceased to exist.

After the writ has issued, and the record is before the court on *certiorari*, evidence extrinsic to the record is inadmissible. *Rutland v. County Commissioners of Worcester Co.*, 20 Pick., 71. Its errors cannot be corrected nor its omissions supplied. The action of the court is upon the record as certified. But it is otherwise, when the question to be determined is whether, in accordance with the prayer of the petition, the writ shall issue or not, because, observes Shaw, C. J., in 20 Pick., 71, "in this stage of the inquiry, the question is   *   *   whether the party complaining has suffered any wrong or injustice from such a defect." Accordingly in *Inhabitants of West Bath*, pet'r, 36 Maine, 74, it was held that on the petition for a *certiorari* evidence *aliunde* the record was admissible to show a compliance with statutory requirements, which the record failed to show.

As the issuing of the writ is a matter of judicial discretion, the evidence offered and excluded was clearly admissible to show the actual state of facts. It would then become a question of law, whether if the facts were as they were assumed to be, in and by the offer of the excepting counsel, it would be a rightful exercise of judicial discretion to permit the writ to issue, and we think it would not.

There are various other questions of grave moment discussed by the learned counsel for these petitioners, but as they are not properly before us on these exceptions we must defer their consideration for the present.                    *Exceptions sustained.*

CUTTING, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.