## JOHN T. MATTHEWS *et al.*

*v.*

## THE BOARD OF COMMISSIONERS OF COOK COUNTY.

CONTRACT—*acceptance of proposition by county board—reconsideration.* During the existence of a standing rule of the board of commissioners of Cook county, allowing a reconsideration of motions, but limiting it to two business days after the vote, the board accepted a proposal of a party for the sale of land for a hospital, but on the second business day thereafter, there being two adjournments, the vote of acceptance was reconsidered, and the board left the matter with its committee: *Held,* that the vote of acceptance, under the rule, was subject to reconsideration, and that it having been reconsidered, there was no binding contract to be enforced.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was a bill, filed by the complainants to compel the county of Cook, through the defendants, its board of commissioners, to deliver to the complainants bonds of Cook county to the amount of $158,750, in pursuance of what they claim to have been a purchase by Cook county from them of certain property, situated in the city of Chicago, designed for hospital purposes.    The facts are these:   On June 30, 1873, the board of commissioners of Cook county instructed its committee on hospitals to advertise for proposals for ground for a new county hospital, in accordance with former resolutions of the board.    On July 7, 1873, the committee on hospitals caused to be inserted in certain daily newspapers in Chicago an advertisement, that, by order of the board of commissioners of Cook county, sealed proposals would be received until the 18th day of July, 1873, for the sale of real estate containing in one body not less than one, nor more than five acres, adjoining each other, situated within certain described limits in the city of Chicago—the committee reserving the right to reject any and all bids—the advertisement being signed by the committee on hospitals.

Subsequently, in answer to the advertisement, the complainants submitted their proposal to sell the property located on the north-west corner of Ashland avenue and Twelfth street, and known as Sweet's subdivision of blocks 18, 19 and 20, in Assessors' division of the east half of the south-east quarter of section 18, town 39 north, range 14, upon the following terms:   Block 20, containing $3\frac{1}{3}$ acres, more or less, for $50,000; block 19, containing $3\frac{1}{3}$ acres, more or less, for $55,000; and the whole subdivision for $180,000.    To which proposal was attached the original map or plat of Sweet's subdivision of said block.

On the 21st day of July, 1873, at a meeting of said county board, such proposal, together with others, was opened, and referred by the board to a joint committee thereof, composed of the committees on hospitals and public service.    At a meet-

ing of the county board, held August 18, 1873, such joint committee submitted the following report:

" Your Joint Committee on Hospitals and Public Service, to whom were referred sundry bids or proposals for hospital grounds, having had the same under advisement, beg leave to report that we have examined the several pieces of land offered, situated within the prescribed boundaries.

*Proposals for Hospital Grounds.*

| Offered by— | Location. | Acres. | Price. |
|---|---|---|---|
| * * * * * | * * * * * * | * * | * * * |
| 3. T. F. Baldwin - - - | Cor. Harrison and Wood sts. - - | 12.60 | $130,000 |
| 4. J. T. Matthews & Co. | " Ashland av. and Twelfth st. | 10 | 180,000 |
| * * * * * | * * * * * | * * | * * * |
| 19. Henry E. Marble - - | Polk, Loomis and Laflin sts. - - - | 13⅓ | 160,000 |

" Proposals marked 3, 4 and 19 were, in the estimation of your committee, deemed the most suitable for the purposes intended. After a careful investigation, your committee have come to the unanimous conclusion of recommending the purchase of the lot at the corner of Ashland avenue and Twelfth street, marked No. 4, and especially since the parties offering the same will accept therefor the sum of $158,750 in county bonds, at par.

" Respectfully submitted.

THOS. LONERGAN,
JOHN JONES,
JOHN HERTING,
JOHN CRAWFORD,
*Joint Committee.*"

—Which report was then concurred in, by a vote of nine to six, the board of commissioners of Cook county comprising fifteen members. The complainants signed an agreement, in writing, agreeing to let the county have the property in accordance with the terms of the report of the committee, which agreement was given to the committee, read before the board, and filed with its clerk. The board then took a recess from

August 18th to August 22d, on which last named date, after transacting some business, it again adjourned to August 25th. On said 25th day of August, 1873, at a meeting of the board, pursuant to the adjournment, one of the commissioners, who, on the 18th, had voted with the majority to concur in the report, moved a reconsideration of the action of the board in relation to the location of the hospital, which was sustained by a vote of eight to seven, and the further motion was sustained that the matter of site for hospital be recommitted to the committee, and that they have power to locate the said hospital within any suitable place in the county.

December 5, 1871, the board of commissioners of Cook county adopted as one of its standing rules the following: "A member of the majority, only, may move a reconsideration, but no such motion shall be in order after the expiration of two business days." This rule, with others, was printed and published, and was in full force during the year 1873, as well as before and since.

The court below, upon final hearing, dismissed the bill, and the complainants appealed.

Mr. SIDNEY SMITH, and Mr. HOMER COOK, for the appellants.

Mr. JOHN M. ROUNTREE, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Appellants insist that the action of the board of commissioners of Cook county, on the 18th day of August, 1873, in their concurrence in the report of their committee, constituted an acceptance of appellants' proposal for the sale of the land, whereby there was formed a binding and absolute contract on the part of the county to take the property upon the terms proposed, and which it was incapable afterward of annulling.

To determine the character of such alleged acceptance of the offer of sale, we are not to look only to the vote of concur-

38—87 ILL.

rence in the report of the committee, but to view it in connection with the vote of reconsideration of its doings, the right of which was a rule of action with the board of commissioners. Thus viewed, the action of the board of commissioners on the 18th of August, 1873, was not an absolute, final acceptance of appellants' proposition of sale, but it was an acceptance in view of the board of commissioners' established mode of action, and as liable to be affected and controlled in accordance therewith —that is, it was a qualified acceptance, subject to be reconsidered under the standing rule of the board in that regard. But for such a rule being in existence, the action of the board on the 18th of August might have been different from what it was, more deliberate, better considered, with, perhaps, different result. We regard this rule of the transaction of the business of the board as entering into and marking the character of the acceptance of the proposal of sale on the 18th of August, 1873, making it subject to reconsideration, and liable to be set aside under the rule.

In accordance with the rule of the board, on the second business day after the 18th of August, the board reconsidered their action had on the last named day in relation to the location of the hospital, and recommitted to their committee the matter of a site for the same, giving them power to locate the hospital within any suitable place in the county. This we regard as an entire undoing of the action of the board on the 18th of August in relation to hospital grounds, and as leaving no contract of the county in regard thereto to be enforced. As already indicated, we regard such subsequent action as warranted under the rule of the board.

The decree dismissing the bill is affirmed.

*Decree affirmed.*