HIRAM HIGGINS v. H. W. CURTIS *et al.*

1. HIGHWAYS; *Report of Viewers; Reconsideration; Continuance.* Where a board of county commissioners rejects a report of viewers appointed by it to lay·out and locate a public road, such board may at the same session reconsider its action by which said report was rejected, and may continue further action thereon to a future day of that session, without thereby losing jurisdiction.

2. COUNTY BOARD — *Power to Make Rules for its Government.* The board of county commissioners has the power to make reasonable rules and regulations for the government of its proceedings; and in the absence of proof to the contrary, a reconsideration of its action taken on a former day of the same session, on any matter before the board, will be presumed to have been done in conformity with its rules and regulations. ( *Masters v. McHolland,* 12 Kas. 23.)

*Error from Shawnee District Court.*

THIS was an action brought by the plaintiff in error to enjoin the defendants in error, as trustee and road overseer, from opening a public road through the plaintiff's land, in Shawnee county. On June 14, 1886, trial by the court, which made special findings of fact and conclusions of law thereon. The findings show, and it is not disputed, that all the proceedings to lay out said road, including the appointment of viewers and their report to the board of county commissioners, were legal. It is also shown that at the meeting of said viewers to view and locate the road, plaintiff in error presented his claim for damages, and that he was the owner of the land over which the road was laid and for which damages were claimed. It is also shown that the claim of plaintiff for damages was disallowed by the viewers. On the 5th day of July, 1883, the viewers' report was taken up for hearing by the board of commissioners, and was by said board rejected; and on the 6th day of July the commissioners reconsidered the action by which said report was rejected; and on the 23d day of July, 1883, at the regular session of the board, the report of the viewers for the location of the road was taken up, and the report was confirmed, and the road as viewed and located was ordered opened,

at which time no order was made in relation to plaintiff's claim for damages, either allowing or disallowing the same. In addition to the above, the court made the following findings:

"8. No notice was given to Higgins that the board would take any steps in the location and adoption of said road subsequent to the action of the 5th of July, 1883, and Higgins made no appearance, either in person or by attorney, before the county commissioners.

"9. Higgins never knew that the board had made any order in regard to said road subsequent to the order of July 5, 1883, until October 2, 1883, when he received notice from the defendants to open said road within ninety days."

"11. The claim of Higgins for damages, with several other claims for damages, was tacked to the report of the viewers in a bundle, and the whole was filed with the county board; and the said board, on the 6th day of July, 1883, entered upon said bundle the word 'Adopted.'

"12. Higgins paid no attention to the road, or the doings of the board of viewers, further than to present his claim for damages to the viewers on the 25th day of May, 1883, up to the time he was notified to open said road, in October, 1883. He was not before the board at any time, and knew nothing of what the board was doing in regard to the road, and did not try to find out."

Upon these findings, the court dissolved the temporary injunction, and the plaintiff brings the case here.

*John Martin,* for plaintiff in error.

*Charles Curtis,* county attorney, for defendants in error.

Opinion by CLOGSTON, C.: The contention now is, that the county commissioners lost jurisdiction on the 5th day of July, when they rejected the report of the viewers, and that no further action could be taken by them until after notice was given to all the parties interested, and that their action on the 6th of July in reconsidering their rejection of the report on the 5th was without jurisdiction, and that all subsequent proceedings had on the 23d of July, when the report was confirmed and the road ordered open, were void. The county commissioners have the power to "establish rules and regula-

tions to govern the transaction of their business." (Comp. Laws of 1885, ch. 25, § 25.) In the absence of any showing as to what the rules were, we must presume that the action of the board was in conformity therewith, and that under said rules .the board might properly reconsider its action had at a former session, and that when so reconsidered it would stand as if no action had ever been taken thereon. If this be true, then the board could continue the matter to any other day of the same session, or to any future session of the board, and no notice to any person would be necessary. If, however, it was once shown that the plaintiff was present on the 5th of July to present his claim for damages to the board, and while so present the board rejected the report of the viewers, then before the board could take final action on the report of the viewers, and on plaintiff's claim for damages, notice must be given him so that he might have an opportunity to present it to the board. This, however, would not prevent the board from in the meantime confirming the report of the viewers, and establishing the road and ordering it to be opened. Plaintiff would still have the right to present his claim for damages, and no matter what the action of the board might be upon that claim, it could not affect the opening of the road in any manner; and if the board, as it appears from the findings of the court, took no action on the plaintiff's claim for damages, then his claim is still pending before the board, and may be presented by him at his pleasure.

The findings of the court show that at the time the action of the board was taken rejecting the report of the viewers, the plaintiff had made no appearance, either at that time or at any subsequent period in the history of this road; in fact, that he paid no attention either to the report of the viewers, the location of the road, or his claim for damages, after once having presented it to the viewers. This being true, then it was not material; for as he had no notice of the action of the board on the 5th, no notice was necessary to be given of its action on the 6th. He had the right, if he desired, to appear before the board and show cause why the report should not be confirmed;

but he was entitled to no greater notice than that given to the public generally. He knew that the report of the viewers would be made, and it was his duty, if he desired to appear before the board, to ascertain by its rules or from such other information as from inquiry of the board he might have gained, when the report would be taken up; and if he failed to do this, he cannot afterward complain that action was taken in his absence. Most of the questions here raised have been passed upon by this court in *Masters v. McHolland*, 12 Kas. 23.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.