M. B. HUNDLEY v. THE BOARD OF COMMISSIONERS OF FINNEY COUNTY.

### No. 31.

1. COUNTY COMMISSIONERS—*Power to Reconsider.* The board of county commissioners has the power to make reasonable rules and regulations for the government of its proceedings; and, in the absence of proof to the contrary, a reconsideration of its action taken on a former day of the same session on any matter before the board will be presumed to have been done in conformity with its rules and regulations. (*Higgins v. Curtis*, 39 Kan. 283.)

2. COUNTY PRINTING—*Action of Board—Reconsideration—Remedy.* Where a board of county commissioners designates a certain newspaper as the official paper of the county for the ensuing year, and afterward, and at the same meeting, and on the succeeding day, reconsiders such action, and at a later day, at an adjourned meeting, designates another paper as the official paper of said county for the ensuing year, and the publisher of the first-designated paper has notice of such reconsideration at the time it was taken, and of the fact that another paper had been designated as the official paper at the time such designation was made, he cannot place himself in a position to recover for the necessary publications made during said year by simply publishing the same, where the record discloses that none of the matter so published

by him was received from the county board or any of the officers of the county, but his cause of action, if any, is for damages sustained by him by reason of such rescission and the naming of another official paper.

MEMORANDUM.—Error from Finney district court; A. J. ABBOTT, judge. Action on contract by M. B. Hundley against The Board of County Commissioners of the county of Finney. Judgment for defendant. Plaintiff brings the case here. Affirmed. The material facts are stated in the opinion, filed October 23, 1895.

*Milton Brown*, for plaintiff in error.

*B. F. Stocks*, county attorney, and *H. F. Mason*, for defendant in error.

The opinion of the court was delivered by

COLE, J.: This was an action brought in the district court of Finney county by M. B. Hundley against the board of county commissioners of Finney county upon an alleged contract. The cause was tried by the court upon an agreed statement of facts, from which statement it appears that Hundley was, during the month of January, 1889, and for some time prior thereto had been, the owner and publisher of a weekly newspaper printed and published at Garden City, in said county, which paper was called *The Finney County Democrat;* that on the 24th day of January, 1889, said Hundley appeared before the board of county commissioners of Finney county, at a regular session of the board, and requested that the said paper be designated as the official paper of said county for the year 1889, and that he be awarded the county printing for said year. This proposition was reduced to writing, and, as appears by the minutes of the board of said day, a

resolution was passed awarding the county printing for that year at legal rates to *The Finney County Democrat*. It further appears from the agreed statement of facts that Hundley was notified by the chairman of the board and one of the other members of said board of the action which had been taken ; such notification was oral, and given at the place of meeting of the board, and no other action was taken by the board in the matter of county printing on that day. On the succeeding day a motion was carried to reconsider the motion of the board taken on the previous day with regard to the designation of the official paper, and said Hundley was present and objected to such reconsideration. On the 8th day of February, 1889, the board being duly in session pursuant to an adjournment had on the 25th day of January, a motion was carried that the county clerk be directed to notify the different publishers of Garden City that sealed bids for county printing would be received up to 2 o'clock of that day, and, pursuant to that order, the clerk notified said publishers, and the bids were presented in accordance therewith. Hundley declined to enter into competition with the other publishers, and continued to claim that he was entitled to the county printing under the former resolution of the board. On the 8th day of February, pursuant to a motion previously carried to let the county printing to the lowest bidder, the printing was given to *The Sentinel*. It also appears from the agreed statements of facts that Hundley published in *The Finney County Democrat* the matter necessary and proper to be published in the official paper of said county during the year 1889, filed proper proof thereof in the office of county clerk of said county, and duly presented his sworn vouchers for the publications sued for in his petition before bringing this ac-

tion, and that his demand for payment was rejected by said board. It also appears that the account sued upon by Hundley, so far as the items and publications are concerned, is correct, at the maximum legal rate, and that the publications charged for are all matters proper and necessary to be published by the county official paper, except an item of $70. Upon this agreed statement of facts the court rendered judgment for the board of county commissioners, to the entering of which judgment, as well as the overruling of a motion for a new trial, Hundley duly objected and excepted, and brings the case here for review.

It is contended by the plaintiff in error that when the written proposition of Hundley had been made and accepted by the board a contract had been completed, and that no future action of the board, even if taken at the same meeting, could change his rights under the contract, and that therefore he had a right to publish the matters necessary to be published for the county, and bring his action for publishing the same at the maximum rate. Paragraph 1655, General Statutes of 1889, gives the board of county commissioners of each county in this state exclusive control of all expenditures in connection with the county printing, and if a contract was made by the board and no rate specified, there can be no doubt but that the recovery could be had at the legal rate, the same as a party might recover the maximum legal rate of interest allowed upon a promissory note where no specific contract had been made for a greater rate. It is the general rule that corporate bodies, unless clearly restrained by legislative enactment, have the right to reconsider a vote as often as they see fit, provided vested rights be not disturbed, up to the time when, by a conclusive vote accepted as such by itself, a de-

termination has been reached, and when they adopt rules as to the time when reconsideration may be moved. In the case of *Higgins v. Curtis*, 39 Kan. 283, our supreme court held under this rule that, in the absence of proof to the contrary, a reconsideration of its action taken on any former day of the same session, on any matter before the board of county commissioners, will be presumed· to have been done in conformity with its rules and regulations. Applying this rule, and the views expressed in the above-cited case, the presumption arises in this case that the reconsideration was had and the subsequent action taken, in the matter of county printing, in conformity with the rules and regulations of the board of county commissioners of Finney county. Such being the case, when Hundley made the proposition, on the 24th day of January, he did so with notice that its acceptance was subject to reconsideration at any time during that session of the board, or at least until some action had been taken by the board which demonstrated that it did not intend to reconsider the matter. He could not have been materially damaged by the subsequent action of the board, for it was taken immediately, and with notice to him. This, however, would be no good reason why he should not recover what he would be legally entitled to, if a contract actually existed. We are, however, of the opinion that the board had a right to reconsider the action taken by it on the 24th day of January. But conceding for a moment that a contract existed, what would be the nature of the action which must be brought by Hundley to permit the recovery under the facts in this case? Whatever matter he printed was not so printed under the contract, for that had been rescinded by the board, and he received none of

the matter published from the board or any of the officers of Finney county. The action, if one existed at all, was not upon contract, which the board absolutely refused to carry out, but was for any damage he might have sustained by reason of the failure of the board to perform its part of the contract.

We are of the opinion that no error was committed in this case by the trial court, and the judgment will therefore be affirmed.

All the Judges concurring.