STATE OF MISSOURI ex rel. G. W. OUSLEY, Appellant, v. C. C. TURNER et al., Respondents.

**Kansas City Court of Appeals, February 7, 1910.**

1. **STATUTORY CONSTRUCTION: Rule Therefor.** The meaning of a statute must be gathered from its language. An absurd or iniquitous result will be avoided unless compelled by the language of the statute.

2. **LOCAL OPTION LAW: Notice of Election: Newspaper: Direction of County Court.** The selection of a newspaper in which is published the notice of a local option election is within the discretion of the county court, and that discretion is not abused unless there is selected a newspaper of such small circulation in the district where the election is to be held that the notice would be received only by a small proportion of the voters therein.

3. **DRAMSHOP: Mandamus.** A person cannot by mandamus compel the issuance to him of a dramshop license in a district where the people have voted against the maintenance of dramshops.

Appeal from Boone Circuit Court.—*Hon. R. S. Ryors,* Special Judge.

AFFIRMED.

*W. H. Rothwell, Arthur Bruton* and *O. S. Barton* for appellant.

(1) Under the provisions of section 3029 of the Revised Statutes of Missouri, 1899, a valid publication of a local option election must have been made in a newspaper published within the territorial limits of the county affected by the local option vote. That the above is a proper interpretation of said section appears: From the context of the local option law. R. S. 1899, secs. 3027, 3028. From statutes on cognate subjects. Sales v. Paving Co., 166 Mo. 678; Westerman v. Supreme Lodge of K. of P., 196 Mo. 728; State

ex rel. v. Wilder, 198 Mo. 173; Sutherland on Statutory Construction, sec. 284; Section 54, Article IV, Constitution of Missouri; R. S. 1899, secs. 4909, 5157, 5173, 5563, 5920, 6088, 6276, 6399, 6493, 6705, 6738. (2) Under the canon of construction requiring reasonableness and common sense in the interpretation of legislative enactments. Moorehead v. Railroad, 119 Mo. App. 576; State ex rel. v. Railroad, 105 Mo. App. 213; Verdin v. St. Louis, 131 Mo. 26; State ex rel. v. Moore, 96 Mo. 434; State ex rel. v. Slover, 126 Mo. 661; State ex rel. v. Duggin, 110 Mo. 138; McPike v. Pen, 51 Mo. 63.

*L. T. Searcy, F. G. Harris* and *H. D. Murry* for respondents.

(1) The statute concerning notice and the duty of the county courts in local option elections, is section 3029, Revised Statutes 1899. The notice given in this case is in strict conformity with the statute and therefore a sufficient notice. State v. Brown, 130 Mo. App. 219; State v. Oliphant, 128 Mo. App. 260; State v. Forman, 121 Mo. App. 502; State v. Dugin, 110 Mo. 143; State ex rel. v. Reid, 134 Mo. App. 582; State v. Hutton, 39 Mo. App. 417. (2) In order to ascertain the Legislature's intention, the primary rule is that a statute is to receive that meaning which the ordinary reading of its language warrants, and if the language used is without ambiguity, all technical rules of interpretation should be rejected. State ex rel. v. Corkins, 123 Mo. 67; Sutherland on Stat. Const., sec. 279; Bowerman v. Mining Co., 98 Mo. App. 313; R. S. 1899, sec. 4160; Railroad v. Clark, 53 Mo. 214; 26 Am. and Eng. Ency. Law (2 Ed.), 598, 599, 600; Patterson v. Glass Co., 63 Mo. App. 177. (3) In order to annul the result of an election it must be shown that some mandatory statute was violated. O'Laughlin v. Kirkwood, 107 Mo. App. 316.

BROADDUS, P. J.—Mandamus.  Relator's application for the writ is to compel respondents, judges of the county court of Boone county, to issue to him a license to conduct a dramshop in the city of Centralia. It is conceded that he is entitled to such license unless the alleged adoption of the Local Option Law outside of the city of Columbia, a city of more than twenty-five hundred inhabitants, precludes him that privilege. Centralia having less than twenty-five hundred inhabitants is governed by the Local Option Law if it has been legally adopted in the county of Boone.

Relator contends that the election for the adoption of said law was invalid because there was no legal notice given for the holding of such election.

The only notice given for said election was in the Columbia Statesman published in the said city of Columbia.  At the time there was published in the county outside of said city newspapers at Hallsville, Sturgeon, Rocheport, Ashland and Hartsburg.

The contention is that in order to constitute a valid publication of the election, it should have been published in a newspaper within the territorial limits of that part of the county to be affected by the adoption of the law.

Section 3029, Revised Statutes 1899, providing for notice of election under the law reads as follows: "Notice of such election shall be given by publication in some newspaper published in the county," etc.   The publication in question was a literal compliance with the requisition of the statute.   There is no ambiguity whatever as to where such notices shall be published.

However relator insists that in construing the statute the rule of reasonableness and common sense should be applied.  It is well said that: "The first rule for the interpretation of statutes is that their meaning must be collected, if possible, from the language used. Of course, if a certain interpretation would lead to absurd or iniquitous results, it will not be adopted;

unless compelled by the language." [Moorshead v. United Railways Co., 119 Mo App. l. c. 576.]

The language of the statute under consideration in the most unequivocal terms directs that the notice shall be published in some newspaper published in the county, but it is left to the county court to determine the particular newspaper in which it shall be published. The Legislature wisely left it to the discretion of the county courts to determine in what newspaper of the county such publication would be the best adapted to notify the voters of the time when the contemplated election would take place. There might be such an abuse of this discretion in the county court in selecting some newspaper of such limited circulation that the notice would not be received but by a very small proportion of the voters. Under such a condition the election would not be an expression of the voters of the district but only of a small part of them. Perhaps in this instance if notice of the election had been published outside of Columbia remote from another section of the county, it would not have reached the voters in that section.

It is a part of the history of the State that the Columbia Statesman is a publication of high standing and large circulation for one of its class. From our point of view there could not have been selected a newspaper in the county better calculated to carry notice to the voters of the territory in which the election was to be held. And we do not mean to say that had the notice been published in any other of these named, the purpose of the statute would not have been equally as well carried out. But we do mean to say that the discretion vested in the county court was not abused. The action of the circuit court in refusing the writ is affirmed. All concur.