## STATE OF MISSOURI, Respondent, v. DAVID E. MORGAN, Appellant.

### Kansas City Court of Appeals, May 16, 1910.

1. **LOCAL OPTION: Election: Notice.** On proper petition the county court of Macon county ordered a local option election and provided for publication of notice thereof in four papers, said notice to run for four consecutive weeks. A week later and within the time allowed by the law after the filing of said petition, the court modified its order for the publication of notice, and ordered such publication to be in a certain designated one of said papers for four consecutive weeks, and also ordered it to be published in one or more issues of each of the other three papers, which publications were so made. Such notice was a compliance with the statute.

2. ——: ——: ——. The vitality of a petition for a local option election remains unimpaired during the forty day period in which the county court may lawfully order an election.

3. **COURTS: Right to Modify: Orders During Term.** A county court may revise or rescind an order at the term at which such order is made, if such action is taken before any rights have accrued thereunder.

4. **LOCAL OPTION: Election: Notice.** If the publication as actually made complies with the law it is not essential that the order of publication specify the dates of insertion, though that would be better practice.

5. ———: ———: ———. Publication need not be made in more than one paper. If the court orders it to be made the full period in more than one, it must be so made in each of them. But the order may legally require the regular publication in one paper, and irregular publication in others.

6. ———: ———: ———. The regular publication of notice of election having been ordered and made in one paper, it was sufficient to publish the result of the election in that paper alone.

7. ———: ———. The fact that the paper in which the regular notice was published was published in a city not affected by the election would not impair the sufficiency of that notice, it having a general circulation in the county.

8. **LOCAL OPTION: Census.** Where a city undertakes to avoid the application of the Local Option Law within its limits by a census showing it contains more than 2500 inhabitants, such census must be taken and filed according to the requirements of the statute. The so-called census in this case did not meet such requirements.

Appeal from Macon Circuit Court.—*Hon. Nat M. Shelton*, Judge.

AFFIRMED.

*George N. Davis* for appellant.

(1) The order of the county court calling the election is insufficient because it attempts to leave to the discretion of the county clerk the number of publications, etc. State v. Kellogg, 133 Mo. 431; State ex rel. v. Baldwin, 109 Mo. App. 573; People v. Town of Linden, 107 Cal. 94; City of St. Louis ex rel. v. Clemens, 43 Mo. 395. (2) The county court was without authority to make the order of January 13th. They had acted on the same petition on January 8th in a legal and sufficient manner and their power and juris-

diction to act under that petition was thereby exhausted. State v. Webb, 49 Mo. App. 407; State v. Kellogg, 133 Mo. App. 431. (3) Further the attempted order of January 13th was without authority because the county court had no authority to rescind their action of January 8th. 11 Cyc., 403; Welch v. Bowen, 103 Ind. 252, 2 N. E. 722; State v. Rhodes, 35 Mo. App. 360. (4) While it is only necessary that a notice be published in one paper (either in weekly or daily) yet, if it be ordered published in more than one, it must be published in each for the full length of time. State ex rel. v. Reid, 134 Mo. App. 582; State ex rel. v. Johnson County Court, 138 Mo. App. 427.

*Ed. S. Jones* for respondent.

(1) It was within the power of the county court at its adjourned session of January 13, 1908, to revoke its order of January 8. A county court may at the same term or session at which an order is made, revise or rescind it, provided this is done before any rights accrue thereunder. Matthews v. Cook County Com'rs, 87 Ill. 590; Beckwith v. English, 51 Ill. 147; Dresden v. County Com'rs, 62 Me. 365; Makemson v. Kauffman, 35 Ohio 444; Neal v. County of Franklin, 43 Ill. App. 267; Higgins v. Curtis et al., 39 Kan. 283; Campbell v. Park, 32 Ohio 544; Jaquith v. Putney, 48 N. H. 138. (2) The petition was still before the court. The order of January 8, had not been published. There is no evidence that the rights of any person had been adversely affected. Higgins v. Curtis, 39 Kan. 283; Campbell v. Park, 32 Ohio 544. (3) The failure of the county court in its order of January 13, to designate the issues of the *Times-Democrat* in which the notice should be published is immaterial in view of the fact that the clerk published the notice in the legal way. R. S. 1899, sec. 3029; State v. Kellogg, 133 Mo. App. 431. (4) The statute declares the character of the notice required,

and, within the limitation that it must be published in some newspaper published in the county for twenty-eight days, the quantum of notice to be given is within the discretion of the county court. State ex rel. v. Reid, 134 Mo. App. 582; State ex rel. v. Johnson County Court, 138 Mo. App. 427. (5) The whole of city, village, township or county in which a newspaper is published is its place of publication within the meaning of a statute requiring a notice to be published in a newspaper. Hinchman v. Barnes, 21 Mich. 556; People v. Brennan, 39 Barb. (N. Y.) 651; Greenlee v. Marks, 62 Ind. 418; State ex rel. v. Turner, 141 Mo. App. 323. (6) The records show that the purported census of the city of Bevier was not a lawful census. A mere sum total of the inhabitants is not a census. State ex rel. Ryan v. Wooten, 122 S. W. 1101; City of Huntington v. Cast, 149 Ind. 250; Childers v. Duval, 69 Ark. 336; Century Dict.; Bouvier's Law Dict.; Black's Law Dict. The county court was not required to take judicial notice of the taking of the census of the city of Bevier. State ex rel. Ryan v. Wooten, 122 S. W. 1101.

JOHNSON, J.—On information of the prosecuting attorney, defendant was tried and convicted of a violation of the Local Option Law which, it is alleged, was in force in Macon county outside the limits of Macon, a city of more than twenty-five hundred inhabitants. The validity of the proceedings leading to the adoption of prohibition in that county is the principal question at issue between the parties. A petition for an election signed by more than one-tenth of the qualified voters of the county outside the city of Macon was filed in the county court, January 7, 1908. The next day the court ordered that an election be held February 14, 1908, and in the order required "that notice of said election be given by publication in the Macon *Times-Democrat*, Macon *Republican*, Bevier *Appeal* and La Plata *Home Press*, four newspapers printed and pub-

lished in said Macon county, for four consecutive weeks and the last insertion shall be within ten days next before such election, as the law directs."

The record shows that after making the order "court adjourned to meet Monday, January 13th, at 9:30 a. m." The record for January 13th shows that the court by order duly made and recorded amended the order made at the previous sitting. The amended order provided "that notice of said election shall be given by publication in the Macon *Times-Democrat,* a newspaper published in the said county of Macon, and that said notice be published in said newspaper for four consecutive weeks, and that a duly certified copy of this order shall be published as and for notice of said election." The record then continues: "Ordered by the court that as a matter of information to the voters and to the citizens of Macon county, Missouri, that the clerk of this court publish the above and foregoing order and notice in the Macon *Republican,* La Plata *Home Press* and Bevier *Appeal* in one or more issues of each of said papers, between now and the 14th day of February, 1908." The amended order did not change the date previously fixed for the election. Pursuant thereto the notice of election was published in the Macon *Times-Democrat* four consecutive weeks and the last publication was within ten days before the election but the notice appeared in the other newspapers mentioned in the order only as follows: "In the La Plata *Home Press* in the issues of January 23d and January 30th. In the Bevier *Appeal* in the issues of January 24th and January 31st, and in the Macon *Republican* in the issues of January 18th, January 25th and February 1st. The election resulted in a victory for prohibition and the notice of the result was ordered published by the county court in the Macon *Times-Democrat,* but not in any of the other newspapers mentioned in the order for an election.

The first point made against the proceedings is that the county court, at the adjourned meeting, was without authority to amend or modify the order made and entered of record at the meeting of January 8th. Defendant argues that but one order for an election could be based on the petition and that when the first order was made, the petition had performed its function and thereupon became divested of all vitality. In support of this view, we are cited to State v. Webb, 49 Mo. App. 407, and State v. Kellogg, 133 Mo. App. 431. Those decisions do not warrant the application defendant would make of them. Under the provisions of section 3028, Revised Statutes 1899, the vitality of the petition remains unabated during the period in which the county court may lawfully order an election to be held within forty days after the receipt of the petition. The original order, in the present case, was within that period, as was also the amended order of January 13th. Lawful publication was made in the *Times-Democrat* in obedience to that order.

The rule is well settled that a county court may revise or rescind an order at the term or session at which such order is made provided this be done before any rights have accrued under the order. [11 Cyc., 403; Matthews v. Cook Co. Commissioners, 87 Ill. 590; Dresden v. County Com'rs, 62 Me. 365; Makemson v. Kauffman, 35 Ohio 444; Higgins v. Curtis, 39 Kan. 283; Campbell v. Park, 32 Ohio 544; Jaquith v. Putney, 48 N. H. 138. It is not claimed that any rights accrued under the original order and we perceive no reason for holding that the general authority of a court to amend its orders at the session at which they are made should be denied in the present instance.

It will be observed the amended order did not designate the issues of the *Times-Democrat* in which the notice should be published, nor did it state that the last publication should be within ten days preceding the election. We do not regard this omission as fatal

to the validity of the order. The statute (section 3029) does not require the dates of the publication to be stated but does specify that the last insertion shall be within the ten days period. The last publication in the *Times-Democrat* appeared within that period and as the order provided for four consecutive weekly publications and these were made, we think there was a sufficient compliance with the statute, though it would have been better had the order specifically fixed the period in which the last publication should be made. [State v. Kellogg, supra.]

Defendant lays great stress on the facts that the order did not provide for the publication of the notice in the other newspapers for four consecutive weeks but required only that it be published "in one or more issues of each of said papers." The proposition is advanced that "while it is only necessary that the notice be published in one paper (either weekly or daily) yet if it be published in more than one, it must be published in each the full length of time." [Citing State ex rel. v. Reid, 134 Mo. App. 582; State ex rel. v. Johnson County Court, 138 Mo. App. 427.] In each of those cases, the order did require the publication to be made for four consecutive weeks in more than one paper and there was a failure to comply with the order by one of the papers. Here, there was full compliance with the order and we think the county court had authority to make that order. The statute provides (section 3029) "and such other notice may be given as the county court . . . may think proper." The term "notice" as here employed is not restricted in its scope to a publication in a newspaper, but may include other legal forms of notice such as posting handbills, etc. Evidently the Legislature intended to allow the court, after making provisions for the notice prescribed by the statute, to exercise some discretion in making suitable provision for giving the election actual as well as constructive publicity. The language of the order

shows the court used that privilege. We say the discretion was properly exercised, and, since the order was carried out to the letter, the rule of the cases cited is without application.

What we have just said answers the contention of defendant that the notice of the result of the election should have been published in all of the newspapers mentioned in the order. Section 3031 of the statutes provides that the notice shall be published "in the same newspaper in which the notice of the election was published." That refers only to the publication prescribed for giving constructive notice to voters and not to additional advertising mediums. Publication in the *Times-Democrat* was sufficient.

The objection that the *Times-Democrat* was not a proper newspaper to publish the notice for the reason that its office is in the city of Macon and, therefore, not in the territory affected by the notice, is not well taken. The paper is published at the county seat and the evidence shows it has a general circulation in the county. It is published in the county within the meaning of the statute. [Sec. 3029, R. S. 1899; State ex rel. Ousley v. Turner, 141 Mo. App. 323.]

Defendant complains that the county court ignored a census of the inhabitants of Bevier taken by the mayor under the direction of the council. The most that can be said of the proof offered by defendant is that it shows an abortive attempt at taking a census. The mayor testified that he made an alphabetical list of the inhabitants of Bevier, but the list was not filed with the city clerk, no record was made of it and it was turned over to some business men for commercial uses. Section 3028, Revised Statutes 1899, provides that for the purposes of local option a city "may under an ordinance thereof, take a census of the inhabitants of such town and the result of such census shall be entered upon the journals or records thereof, and such entry, or a certified copy thereof, shall be proof of such

fact and shall be filed with the clerk of the county court of the county in which such town is situated."

To complete the taking of the census, it was just as essential that the list be filed with the clerk and entered of record as it was that the census be authorized by ordinance. The mayor quit before he finished his work and neither his "alphabetical list" (diverted into the sordid channels of commerce), nor his recollection of its contents, was competent evidence to prove that a legal census had been taken which showed that Bevier with 2521 inhabitants (including the colored populations in the ultramural precincts of Harris and Jones' additions) was entitled to remain outside the "dry" area—a thing a large majority of its voters desired, if one may judge from the vote of that city at the local option election.

Some other points are argued by defendant, but we do not deem them of enough importance to call for special notice.

The judgment is affirmed. All concur.