STATE *ex rel.* DAVIS *v.* COUNTY COM'RS OF SHELBY COUNTY.

## (*Nashville.*   December Term, 1925.)

### Opinion filed June 19, 1926.

1. **WORKHOUSE.   County commissioners.   Shelby county.**

   The powers and duties imposed by law on workhouse commissioners have been transferred to the board of county commissioners of Shelby county.   (Post, p. 143.)

2. **SAME.   Same.   Rules and regulations.**

   Where the matter is not covered by statute a board of commissioners has the power to make rules and regulations for the government of its proceedings, if reasonable and not arbitrary or capricious.   (Post, p. 143.)

   Citing:   15 Corpus Juris, 460; LaSall v. Hatheway, 78 Ill. App., 93; Higgins v. Curtis, 39 Kans., 283; Masters v. McHolland, 12 Kans., 17; Hundley v. Finney County, 2 Kans. App., 41; Beach v. Kent, 142 Mich., 347.

   Citing: Acts of 1891, ch. 123; Shannon's Code, sec. 7424.

3. **SAME.   Same.   Securing fine upon conviction.**

   The provision for bail provided by section 7424 of Shannon's Code, does not require the acceptance mandatorily of a bail bond, but simply authorizes commissioners to contract with respect thereto.   (Post, p. 144.)

---

### FROM SHELBY.

---

Appeal in error from the Circuit Court of Shelby County.—HON. R. H. STICKLEY, Special Judge.

RALPH DAVIS, for appellants.

L. D. BEJACH, for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a mandamus proceeding instituted by relator to compel the defendants to accept a bond tendered by her to secure the release of her husband from the Shelby county workhouse.

Will Davis, the husband, was convicted in the criminal court of Shelby County of some criminal offense, was fined $500, taxed with the costs in the sum of $124, and was sentenced to the workhouse for eleven months and twenty-nine days. After serving his term of imprisonment, his wife, relator, tendered to defendants $50 in cash and a solvent bond for the balance of the fine and costs, conditioned to pay $50 per month until the whole was paid. This the defendants declined to accept whereupon this proceeding was instituted.

The defendants had prescribed rules which provided, in substance, that where the indebtedness was $100, or less, a cash payment of $12.50 should be made, and a similar amount paid each month thereafter; on amounts over $100, and not exceeding $200, a cash payment of $25, and $25 each month thereafter; from $200 to $500, $50 cash and $50 per month; where the indebtedness, as in the instant case, exceeded $500, a cash payment of $100 and monthly payments of a like sum was required. The relator refused to conform to those rules and regulations, and insists that they are both unlawful and unreasonable.

The idea which the defendants had in mind, in prescribing the rules complained of, was that justice would be more evenly administered if the terms under which con-

tracts may be executed in such cases were fixed and known in advance, and the opportunity for favoritism or discrimination eliminated, instead of each case becoming a matter of barter and trade.

It should be stated that, in Shelby County, the powers and duties imposed by law on workhouse commissioners have been transferred to the board of county commissioners of Shelby County.

It is well settled that, where the matter is not covered by statute, a board of commissioners has power to make reasonable rules and regulations for the government of its proceedings. 15 Corpus Juris, 460; *La Salle County* v. *Hatheway,* 78 Ill. App., 95; *Higgins* v. *Curtis,* 39 Kan., 283, 18 Pac., 207; *Masters* v. *McHolland,* 12 Kan., 17; *Hundley* v. *Finney County,* 2 Kan. App., 41, 42 Pac., 59; *Beach* v. *Kent,* 142 Mich., 347, 105 N. W., 867.

In our opinion, the rules, referred to above, are reasonable and not arbitrary or capricious.

Counsel for relator relies on section 19 of the County Workhouse Act (chapter 123, Acts of 1891 [Shannon's Annotated Code, section 7424]), as follows:

"That any person, after sentence of punishment by imprisonment of any prisoner has expired, may, by contract with the workhouse commissioners, and with the consent of the prisoner, bail out any prisoner, under the following form and conditions:

"State of Tennessee.

"I, ———, principal, and ———, sureties, do hereby agree to pay the State of Tennessee, for the use of ——— county, the sum of ——— dollars, in monthly installments of ——— dollars, to be paid on the ——— day of each month, until the whole is paid; this being the amount

for which ——— is confined in the ——— county work-house.

"The said ——— agrees to be bailed out of work-house by above parties, and agrees to work out or pay the amount above specified as therein stated, at the office of the county judge or chairman. Should ——— fail to do so, then ——— is liable to be arrested and delivered to the superintendent of said workhouse, to work out any balance unpaid and the costs of the arrest. In case of default and arrest, the bailee is only liable for the amount falling due prior to said arrest. This ——— day of ———, 19—."

This provision simply empowers the commissioners to legally contract with respect to releasing prisoners, and prescribes the form of bond which they may accept. It does not require the commissioners, mandatorily, to accept a bail bond, but simply authorizes them to contract with respect thereto.

Action by them is discretionary. They can require all cash or accept bond for the entire sum, or require part cash and the balance on time, secured by bond.

The trial court held that the rules, to the extent that they required a cash payment, were in conflict with the statute above quoted.

In so holding the court was in error, and an order will be entered in this court dismissing the petition of relator, with costs.