STATE  ex rel.  HENNESMEYER,  Appellant,  v. REID et al., etc., Respondents.

St. Louis Court of Appeals, December 29, 1908.

1. LOCAL OPTION: Notice of Election: Order of Court.  Under the provision of section 3029, Revised Statutes 1899, the notice of a local option election must be published in one newspaper for four consecutive weeks, the last insertion to be made within ten days next before the election is to be held, and "such other notice may be given as the county court ordering the election may think proper in order to give general publicity to the election." This provision places the matter of giving other notice within the discretion of the county court.

2. ————: ————: ————:  The county court in ordering a local option election ordered it published in three different weekly newspapers printed in the county, for four consecutive weeks,

the last insertion to be within ten days next before the day of election. The notice was published as ordered in two of the designated newspapers, but was published for only three weeks in the other newspaper designated. *Held*, the notice of the election was insufficient and the election held in pursuance of it was void; the county court, having decided in their discretion that it was necessary to publish it in three papers "to give general publicity to the election," a strict compliance with the order was requisite.

Appeal from Lincoln Circuit Court.—*Hon. J. D. Barnett*, Judge.

REVERSED AND REMANDED.

*R. L. Sutton, E. E. Schnepp* and *W. H. Jackson* for appellant.

*W. A. Dudley* for respondent.

NORTONI, J.—This is a proceeding by mandamus, seeking to compel the county court of Lincoln county to grant the appellant a license as a dramshop keeper. The circuit court denied the writ and relator appeals. The county court of Lincoln county found all of the facts essential to relator's right to have the dramshop license and that he was entitled under the mandatory provisions of the statute with respect to dramshops, to have the license awarded upon his payment therefor, etc., unless the local option law is in force in that county, in which event the court would, of course, have no jurisdiction to grant the license even under the mandatory provisions of the dramshop statute (sec. 2993, R. S. 1899). The county court declared the Local Option Law to be in force and denied relator's application for a license. Relator sued out a writ of mandamus in the circuit court, seeking to compel the county court to grant the license, insisting the Local Option Law is not in force for the reason no sufficient notice of the election was given as directed by the county court. The facts stated appear in relator's petition for mandamus and the return thereto. The question for decision in

the case is whether or not the publication of notice of the local option election was sufficient. The statute and pertinent facts with respect to this matter are as follows. · The statute concerning notice and the duty of the county court in such cases, is as follows:

"Notice of such election shall be given by publication in some newspaper published in the county, and such notice shall be published in such newspaper for four consecutive weeks, and the last insertion shall be made within ten days next before such election, and such other notice may be given as the county court or municipal body ordering such election may think proper, in order to give general publicity to the election." [Sec. 3029, R. S. 1899.]

It will be observed that in the first instance, the section is mandatory in so far as it concerns the publication of notice in some newspaper in the county for a sufficient length of time therein designated. The county court could have ordered notice to be published in one paper only, and upon a proper publication thereof for the full period of twenty-eight days, the notice would have been sufficient. It appears the court was not satisfied with this, however, for it ordered other and additional notice. The second provision in the statute with respect to the giving of "such other notice" as the "court . . . may think proper to give general publicity to the election," places the matter of other notice, sufficient to afford proper publicity of the proposed election, within the discretion of the county court. This provision, of course, is not mandatory as it is written. [State ex rel. Church v. Weeks, 38 Mo. App. 566.] It no doubt becomes mandatory in its nature, however, by the court exercising the discretion conferred, to the end of directing that a certain quantum of other notice is essential "to give general publicity to the election." Now the county court, after having seen and heard the petition and finding all of the essential prerequisites to the right of the petitioners to have the local option

proposition submitted to a vote, ordered the election to be held on October 28, 1905, for the purpose of determining whether or not spirituous or malt liquors, including wine and beer, should be sold within the limits of the county, and acting under the statute above set out with respect to the notice of such election it ordered notice published as follows: "And it is further ordered by the Court that notice of said election be given by publication in the Troy Free Press, the Elsberry Democrat and the Silex Index, three weekly newspapers printed and published in Lincoln county, for four consecutive weeks, the last insertion to be within ten days next before the 28th day of October, 1905. . . . And it is further ordered by the court that the clerk of this court make certified copies of the order for publication in the Troy Free Press, the Elsberry Democrat and Silex Index." The notice thus ordered was properly published in the Troy Free Press and in the Silex Index for the proper number of days, etc., but for some reason, its publication continued only three weeks in the Elsberry Democrat, and after three consecutive weeks, its further publication therein was suspended. It is argued that for the reason the notice of election was not published in accordance with the order of the county court, such notice was insufficient and the election was therefore void. It is clear the court exercised its discretion under the statute and was of the opinion that notice for four consecutive weeks in each of the three papers mentioned was essential to giving general publicity of the election. This being true, the court necessarily was of the opinion that notice in two of the papers for four consecutive weeks and one for three weeks was insufficient to attain the end of general publicity contemplated in the statute. In this state of the case, the matter with respect to such other notice became mandatory in its nature and in this view, it was essential to publish notice as ordered by the court. The court had given its opinion that notice for four consecutive weeks in the three papers

mentioned was essential to that general notice contemplated and in order to validate the election, the notice should be given in strict conformity with the statute and the opinion of the court as given with reference to the ultimate fact of general notice sought to be attained. This is the trend of authority on the question, as we understand it. [Brisbane v. Peabody, 3 How. Pr. 109; Ex Parte Conley (Tex. Crim. Rep.), 75 S. W. 301; Ottis v. Epperson, 88 Mo. 131.]

Now while this view is in consonance with the numerous adjudications by the appellate courts of this State to the effect that strict notice required by the Local Option Law is absolutely essential to the validity of the election (State ex rel. v. Tucker, 32 Mo. App. 620; State v. Kaufman, 45 Mo. App. 656; Bean v. Barton County Court, 33 Mo. App. 635; State v. Kampman, 75 Mo. App. 188; 19 Am. and Eng. Ency. Law [2 Ed.], 501), we do not rest the judgment of the court entirely upon the doctrine of those cases. These adjudications establishing the principle that strict notice is required in the local option cases, are, of course, pertinent and influential here. Nevertheless, we regard the matter as one of statutory interpretation. The legislative intent appears quite clear as above indicated. The county court having exercised the discretion conferred and ordered the notice to be published for four consecutive weeks in each of the three papers mentioned, nothing less than that publication will satisfy the end sought to be attained by the law. The result is the election appears to have been invalid for the reason insufficient notice thereof was had.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.