THE STATE ex inf. FRANK W. McALLISTER, Attorney-General, ex rel. A. V. LINCOLN et al., Appellants, v. B. A. BIRD et al.

Division Two, October 9, 1922.

1. **QUO WARRANTO: Consolidated School District: Organization: Plats: Unformity.** Where some of the plats posted in connection with the call of a meeting for the organization of a consolidated school district had been subjected to wind, rain and sunshine for some time before they were offered in evidence in the *quo warranto* proceeding to dissolve the district, it will not be held that they and the one timely deposited with the county clerk lacked in uniformity.

State ex inf. v. Bird.

2. ———: ———: ———: ———: **Coupled with Notice: Sufficient Signing.** Notwithstanding the statute (Sec. 11259, R. S. 1919) says that "all plats and notices posted as required in this section shall not be filed or posted unless approved and signed by the county superintendent of all counties in which any part of such proposed district shall lie," and that these words when applied to a consolidated school district embraced wholly within a county would require all the plats to be signed by the county superinten-, dent, the organization of a district will not be held to be invalid on account of the failure of the superintendent to sign the plats posted where the required notices were duly signed and the plats were referred to therein, thereby by reference making the plats a part of the notices. A signing of such notices is a substantial compliance with the statute.

3. ———: ———: ———: **Purpose of Notices and Plats.** The purpose of posting notices and plats of a meeting to organize a consolidated school district is to furnish voters information of the territory and taxpayers to be included, the accessibility of pupils and patrons, the time and place of holding the election, and who will be entitled to vote; and where the notices give this and all other necessary information, refer to the plats and are signed, and ten notices and five plats are posted, the organization will not be held invalid because the plats were not separately signed by the superintendent.

4. ———: ———: ———: **Directory Statute.** If a statute merely requires certain things to be done and nowhere prescribes the result that shall follow if they are not done, it should be held to be directory. The statute (Sec. 11259, R. S. 1919) requiring the county superintendent to sign the plats to be posted for a meeting to form a consolidated school district no where says that his failure to sign them shall invalidate the election or the organization, and hence that requirement is to be considered directory; and particularly so in view of the fact that school laws were designed to create workable methods for plain, honest and worthy citizens not technically learned in the law.

Appeal from DeKalb Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

Affirmed.

*Hewitt & Hewitt* for appellants.

(1)   The burden was upon the respondents to show a valid election, that is:  (a). A valid petition filed with the county superintendent;  (b)  that the number of notices required by the statutes were posted for the full time required;  (c)  that the number of plats required by the statutes were posted for the full time, and that the boundaries were identically the same, and that said plats were signed by the county superintendent.   Laws 1913 and 1917;  State ex rel. Harris v. McCann, 88 Mo. 390;  State ex rel. v. Powles, 136 Mo. 380;  State ex rel. v. Lund, 167 Mo. 243;  High on Ex. Remedies, 243.   (2) It must be shown somewhere on the face of the record that a valid petition was first filed with the county superintendent, otherwise the superintendent is without jurisdiction to proceed.   This is nowhere shown upon the face of the record.   (3)   It must be shown that five plats identically alike were posted in public places within the district full fifteen days and that the boundaries of said plats were identically the same, and that they were signed by the county superintendent.   It was not shown that the plats were alike, but very materially different. The plats were not signed nor in any manner authenticated.   State ex rel. v. Courtright, 205 S. W. 248; Laws 1917, p. 509-510, the proviso.   (4)   The statute requiring that the plats be first signed by the county superintendent, or they shall not be posted, is mandatory, and must be followed, and if not done the failure is fatal. Laws 1913, Amended 1917, the proviso; State ex rel. v. Courtright, 205 S. W. 248.

*Williams & Robison* for respondents.

(1)   The county superintendent need not personally post the plats or notices but it may be done by some one at her request.   State ex rel. v. Clouds, 180 S. W. 26, (2).   It is true that a certified copy of the plat was not filed with the county clerk at the time the same was prepared but was filed afterward.   It is not required to be filed at the time but may be filed later.   State ex rel. v.

Cloud, 180 S. W. 27. (3) The plats and notices, when posted, were uniform and two of the original plats are in evidence. And one of the original notices is in evidence. (4) Relators' exhibits can prove nothing for they were found mutilated, torn, muddy, defaced, faded and weather-beaten after the election had been held at places they had fallen after being posted and the evidence shows that they were not in this condition when they were posted but were identical with the respondents' exhibits. (5) Another reason why these exhibits are worthless and prove nothing is that this case before this court is the same as any other case where the trial court has to determine the facts. State ex rel. Sherman v. Hall, 228 S. W. 1056. (6) This covers everything contended for by the relators except that the plats should have been approved and signed by the county superintendent of schools. This would be an absurd construction to place upon the statutes. Why have the superintendent state on the plat that she approves her own work when the law makes it her duty to make the plats? This section (now Sec. 11258, R. S. 1919) means that where the territory is taken from two or more counties, then it shall be approved and signed by the superintendents and has no application to territory taken wholly from one county. (7) Even if the plat should be signed by the county superintendent, the notices posted especially pointed an index finger to all the voters who inspected the notice and call their attention to the plat by saying: "To organize by vote a consolidated school district in this community with boundaries as laid out on the plats posted." This directs the voter to the plat; makes the plat a part of the notice and the notice is signed, and it would be a sufficient signing of the plat even if the signing of the plats were required. (8) Even if the statute should be constituted as to require the plat to be signed by the superintendent, such requirement would not be mandatory but only directory. Horsefall v. School District, 143 Mo. App. 545.

WALKER, J.—This application arises out of a *quo warranto* proceeding instituted by the Attorney-General in the Circuit Court of DeKalb County at the relation of several taxpaying citizens of certain school districts, the purpose of which is to question the legality of the election and the right of the respondents to exercise the functions and perform the duties of school directors of a proposed consolidated school district in said county, the creation and organization of which, it is contended, was not in conformity with the law and, hence, the election of the directors was invalid. Upon a hearing before the circuit court, the ouster prayed for was denied, the court holding that the consolidated district had been organized as required by law, and that the respondents had been regularly elected and qualified and were entitled to perform the duties required by law in such cases.

From this judgment an appeal was perfected to this court. The facts are substantially as follows: Upon a petition of certain qualified voters, the Superintendent of Schools of DeKalb County was requested to investigate the needs of what is designated as the Fairport community for the establishment therein of a consolidated school district. This she did, and after determining the boundaries of the district, she issued a call for a special meeting to determine whether the district should be formed. The call for this meeting was made by posting ten notices and five plats within the proposed district, and calling a meeting to be held at a place designated therein. The notices and plats were posted more than fifteen days before said meeting, and a copy of the plat was deposited with the county clerk, and a copy of same was also taken by the superintendent of schools to the meeting. The meeting convened at the time and place designated, and the proposition for the consolidation was submitted and carried by a vote of one hundred and nineteen to one hundred and fifteen, and this result was declared by the chairman to be the action of the meeting and was so certified to the county clerk.

The contention of the relators is, first, that the plats were not uniform in that they did not all embrace the same territory, and, second, that they were not signed by the county superintendent, although the notices were so signed, and that he did not acquire jurisdiction of the case and the proceedings were, as a consequence, invalid.

I. A review of the testimony does not sustain the relators' contention as to the lack of uniformity of the plats. The proferts of same preserved in the record, while dissimilar on their face so far as the indications of the boundaries of the proposed district are concerned, should be measured by all facts attending their making Uniform and posting. Starting with the assumption as Plats. to their correctness in the absence of any affirmative fact to the contrary, especially in view of their purpose and the disinterested manner in which we are authorized in presuming that they were prepared and posted, we find that the particular ones in which the lack of uniformity is charged had been subject to the influence of the elements, namely, wind, sunshine and rain, for sometime before their introduction in evidence, and in some instances had been blown down and had been found in a mutilated condition on the ground. A consideration of the entire testimony does not sustain the conclusion, therefore, that the plats posted were not uniform and that they did not comply with the requirements of the statute (Sec. 11259, R. S. 1919); nor do we find from a review of the record that the other provisions of the statute than those requiring the plats to be posted and signed had not been complied with.

We, therefore, overrule the relators' contention as to the insufficiency, under the law, of the plats other than as to the exception noted, which we will discuss later.

II. The proviso in the statute cited, which forms the basis of the exception stated, is in the following language: "Provided, that all plats and notices posted as required in this section shall not be filed or posted unless approved

and signed by the county superintendent of all counties in which any part of such proposed district shall lie.'' [Sec. 11259, R. S. 1919.]

That this section, although inartificially drawn, was intended to provide for the consolidation of districts within a county as well as those lying within different counties is evidenced from its general phraseology. When construed with the utmost latitude permissible under the rules of interpretation, it must be held to apply to the consolidation of districts wholly within a county as well as those lying within different counties. Such a construction under the rule announced in State ex inf. Carnahan v. Jones, 266 Mo. 191, is applicable in determining the meaning of statutes of this character, wherein it is held, in effect, that a liberal construction, consistent with the purposes of the law, is permissible. Confining ourselves, however, to the very terms of the proviso, there is grave doubt as to whether the latitude indicated should be exercised. While the language employed is sufficiently broad to include all plats and notices required to be posted, this is followed by an express limitation that they are to be signed, not by all superintendents, but by the county superintendents of all counties in which any part of such proposed district shall lie. It appears, therefore, that if the meaning of the proviso is to be determined from its context and subject-matter, its requirements as to the signing of the plats and notices posted by the county superintendent is limited to cases in which the consolidated district is to be made up of districts lying in different counties. However, whether we follow the latitudinary or limited rule of construction, cogent reasons remain why we should not hold this proceeding to be invalid on account of the failure of the county superintendent to affix her signature to the plats. It should be borne in mind that the notices required to be posted were duly signed and the plats posted were referred to therein as a part of such notices. In the face of this fact, the substance of relators' contention disappears, as it is evi-

dent that there was a substantial compliance with the statute.

That a further reason may be afforded for this conclusion, it is pertinent to consider the purpose of the posting of the plats and notices. Clearly, as was said in effect by Woodson, J., in State ex inf. Barker v. Smith, 271 Mo. 168, the publication of the proposed consolidation by posting was intended to furnish a means by which the voters of the district to be affected could receive information as to the territory and taxpayers who were to be included in the consolidated district, and who were entitled to vote upon the proposition, as well as to determine the accessibility of the patrons and pupils of the proposed consolidated school and the time and place of holding the election. Where, as at bar, these requisites are shown to be present, the purpose of the posting and consequent publication of the plats and notices is complied with. Except to give formal verity to the proceeding, of what avail would the signature of the superintendent to the plats have been in effecting the purpose of the publication? All the necessary information, therefore, to enable those affected to act intelligently was afforded by the notices and plats.

But it is contended that the statute by its terms is applicable to all county superintendents and is mandatory in its nature. Even if the signature of the superintendent to the notices had been omitted, as it was from the plats, the essence of the thing to be done, mainly to give notice to the people of the districts, was completely effected and no possible injury could have resulted from the omission. However, as we have stated, the notices were signed and this constituted a substantial compliance with the statute. Under this state of facts there is little ground for the holding that the proviso should be construed as mandatory.

Under a more general rule this construction may be sustained in that if a statute merely requires certain things to be done and nowhere prescribes the result that

shall follow if such things are not done, then the statute should be held to be directory. The rule thus stated is in harmony with that other well-recognized canon that statutes directing the mode of proceedings by public officers are to be held to be directory and are not to be regarded as essential to the validity of a proceeding unless it be so declared by the law. [State v. Cook, 14 Barb. 259.] By this we mean that if a fair consideration of the statute shows that unless the Legislature intended compliance with the proviso to be essential to the validity of the proceeding, which nowhere appears, then it is to be regarded as merely directory. [People v. Thompson, 67 Cal. 627; Kenfield v. Irwin, 52 Cal. 164; Westbrook v. Rosborough, 14 Cal. 180; Jones v. State, 1 Kan. 273.]

There are no rulings of our own courts concerning the effect of a failure to sign plats as in the instant case. We find, however, that it has been frequently held in other jurisdictions that a "failure to make maps, numbers, and limits of school districts which have been newly formed or altered, even when required by statute, will not affect the validity of their formation or alteration, unless it is so prescribed by the statute." [35 Cyc. 843, and cases cited; School Dist. No. 4 v. New Union Sch. Dist., 135 Ill. 464, 28 N. E. 49, 1. c. 52; District No. 5 Sch. Drtrs. v. District No. 10 Sch. Drtrs., 73 Ill. 249; Munson v. Minor, 22 Ill. 594; People v. Newberry, 87 Ill. 41.] We have found but two cases which hold to a contrary view, namely, In re Wilkins Tp. Sch. Dist., 70 Pa. St. 108; In re Sewickley Sch. Dist., 33 Pa. St. 297.

This court has held, however, in construing the intent and purpose of school laws that they were designed as a workable method to be employed by plain, honest and worthy citizens, not especially learned in the law; and that no strict and technical construction should be given to them. [State ex rel. Carnahan v. Jones, supra; State ex inf. Simrall v. Clardy, 267 Mo. 371.]

From all of the foregoing, we are of the opinion that the omission of the county superintendent to sign the plats did not invalidate the proceeding.

We have examined with care the cases cited pro and con by learned and industrious counsel, and finding nothing that militates against the correctness of the foregoing conclusions, the judgment of the trial court should be affirmed.

It is so ordered.   All concur.