L. M. YOUNG, C. MACK YOUNG, C. O. LOE & C. D. VANDERFORD, APPELLANTS, v. ELEANOR BRASSFIELD, CLERK OF THE SCHOOL DISTRICT No. 72, MERCER COUNTY, MISSOURI, AND ELBERT HUBBARD, COUNTY CLERK OF MERCER COUNTY, MISSOURI, RESPONDENTS.— 228 S. W. 2d 823.

Kansas City Court of Appeals. Opinion delivered April 3, 1950.

Transferred from Supreme Court—223 S. W. 2d 491.

*Herbert S. Brown* for appellants.

*John E. Powell* for respondents.

SPERRY, C.—Plaintiffs, qualified voters and taxpayers of School District 72, of Mercer County, instituted this action by filing a petition and application for a permanent writ of injunction against, defendants, the clerk of said district and the county clerk of Mercer County. Plaintiffs seek to establish the invalidity of a special election, held in said district to increase the school tax, to restrain certification of the results thereof to the county clerk, and to restrain the county clerk from levying any taxes based on said election. The prayer for injunctive and other relief was denied and the petition was dismissed. Plaintiffs appeal.

The facts and circumstances out of which this lawsuit grew, are: A special election was held in the above school district, on

June 26, 1948, for the purpose of voting on the question of increasing the tax levy for school purposes. The election was held under the authority of Section 10358, R.S. Mo. 1939, as amended by Senate Bill 208, Laws Missouri, 1945, page 1630. Said section as amended, provides that due notice of such an election shall be given as provided in Section 10418, R.S. Mo. 1939. The latter section provides that notice shall be given by notices posted in five public places within the district, fifteen days prior to the election, or by notice, for the same length of time, published in all of the newspapers published in the district. It is stipulated between the parties that no newspaper publication was had, and that but four notices were posted.

Plaintiffs contend that failure to give notice of the time, place, and purpose of said election by *five* notices, as required by statute, renders the election wholly invalid, null and void. Defendants contend that the posting of four notices was a substantial compliance with the terms of the statute, and that the election was, therefore, legally held.

There are other irregularities complained of by plaintiffs. However, since the question here stated is decisive of this case, and since a full discussion of, and a ruling on, such other contentions can be of no particular value, either to these parties litigant, or to the student we shall content ourselves with a determination of the sufficiency of the notices.

Defendants contend that statutes governing school districts and records should be liberally construed. Such a rule was stated in State ex rel. School District of Affton v. Smith, 336 Mo. 703, 709, cited by defendants; but the court, in that case, 707, said: "Where, as in this case, the statute (Sections 9326 and 9283, R.S. Mo. 1929) requires a notice to be given, any action taken by the voters without notice, or with an insufficient notice, is void."

Defendants also cite State ex inf. v. Bird, 295 Mo. 344, 351, 352, as authority for the rule that if a statute, as in this case, "* * * merely requires certain things to be done and nowhere prescribes the result that shall follow if such things are not done, then the statute should be held to be directory," not mandatory. Such a rule was enunciated in the above decision, by Walker, J.; but the learned judge found it to be a fact, and so held, that the notices and plats posted in that case were so worded, drawn, and signed as to constitute substantial compliance with the provisions of the statute, as to their context. The main question considered was the effect of the failure of the county school superintendent to sign the plats, although the notices were signed. No question was presented concerning a failure to post a sufficient number of notices of the election, or of a failure to have same posted for the full time

required by statute. We do not consider that decision controlling in this case.

In state v. St. Louis, Kansas City & Northern Railway Company, 75 Mo. 526, the court held that failure to give notice of an election for the purpose of increasing the school tax levy, *as required by statute,* whether such election be held at the time and place of the regular annual school meeting, or at some other time and place, rendered the election void.

The Supreme Court, *en banc,* in State ex rel. City of Berkeley v. Holmes, 219 S.W. 2d, 650, handed down since the trial of this case, reviewed the law in this and other states relative to the effect of a failure to give notice for the full time required by statute in a case where an election was held on the question of increase in the corporate debt which, of course, necessarily involved the question of taxes for its payment. The applicable statute specified that the first notice of said election should appear twenty-one days prior to the election. It actually appeared nineteen days prior thereto. The court held that the notice was wholly insufficient and that the election was invalid, null, and void. The court said that a special election to increase taxes is an important matter, that property owners should have legal notice thereof, and that they "are entitled to rely on having the *kind* of official notice the statute requires." (Emphasis ours).

In view of the rulings of the appellate courts of Missouri over a long period of time on the subject of statutory provisions regarding notice for special elections of all kinds, and of the ruling of the court *en banc* in the last mentioned case, we are unable to hold that anything short of strict compliance with statutory provisions as to method, manner, and time of notice of special elections involving bond or tax questions, will be sufficient to render said election valid and its results binding.

It follows that the trial court erred in dismissing plaintiffs' petition and in denying the injunctive relief prayed.

It should be adjudged and decreed that plaintiffs' petition be sustained; that the special election held in School District 72, of Mercer County on June 26, 1948, was illegally held; that the results thereof are without legal force or effect; that the special tax, purported to have been voted at said election, is illegal, null and void; and that defendant Elbert Hubbard, county clerk of Mercer County be, and is hereby perpetually and permanently enjoined and restrained from assessing or levying any tax based on the result of said illegal and void election. *Bour, C.,* concurs.

PER CURIAM:—The foregoing opinion of Sperry, C., is adopted as the opinion of the court. It is adjudged and decreed that plaintiffs' petition is sustained; that the special election held in School

District 72, of Mercer County on June 26, 1948, was illegally held; that the results thereof are without legal force or effect; that the special tax, purported to have been voted at said election, is illegal, null and void; and that defendant Elbert Hubbard, county clerk of Mercer County be, and is hereby perpetually and permanently enjoined and restrained from assessing or levying any tax based on the result of said illegal and void election. All concur.