THE STATE OF MISSOURI, at the Information of J. HARRY LATHAM, Prosecuting Attorney of Andrew County, Missouri, at the Relation of CARL F. DAWES, MALCOLM FRANK, JAMES H. GIBSON, C. E. BASHOR, A. A. BASHOR, JOHN BONHAM, H. V. SHORES, FLOYD BARTON, MEARIT FRADY, FRED BUCKINGHAM, LEVI COATS, and W. E. GORDON, Appellants, v. LOREN ALLEN, LEX CRAMER, RAYMOND GARRETT, DEWEY GIBSON, CHESTER PRICE, WILLIAM WHITE, W. G. RALPH, and WARREN GALLENGER, Respondents, No. 42024—237 S. W. (2d) 489.

Division Two, March 12, 1951.

*J. W. Roberts* for appellants.

*John J. Robison* and *Harold L. Miller* for respondents.

[489] BARRETT, C.—This is a proceeding in quo warranto at the relation of resident taxpayers and patrons of Blue School District No. 25 and Liberty School District No. 47 of Andrew County against the officers and directors of the newly "Enlarged School District R-II, DeKalb County, Missouri." It is a companion case to Spiking School District No. 71, DeKalb County, Missouri vs. The Purported "Enlarged School District R-II, DeKalb County, Missouri," (Mo.) —— S. W. (2) ——, (No. 42019), and the purpose of the proceeding here, as it is in that case, is to test the validity of the consolidation, and in particular the validity of the special election at which consolidation was effectuated. The attack in this case is from the point of view of the interested residents of Andrew County, while the attack in that case is from the viewpoint of certain affected residents of DeKalb County. The cause was submitted to the trial court upon an agreed statement of facts and the limited question presented is the validity and sufficiency of the notice calling the special election. The notice was published in the following newspapers in DeKalb County: *Union Star Times, Stewartsville News, DeKalb County Record Journal* and the *DeKalb County Herald* and the precise question for decision is whether, under the statute (Mo. R. S. 1949, Sec. 165.680), the notice must also have been published in the one newspaper of general circulation in Andrew County, the *Savannah Reporter and Andrew County Democrat.*

The greater part of Enlarged School District R-II, as to area, the number of former common school districts included and population, is in DeKalb County. The exact number of former districts included does not appear but it is many times the four former common school districts included from Andrew County. The printed [490] notices were also posted in at least three public places in each affected district. There was a total of 875 eligible and qualified voters in the entire territory affected, 247 of whom lived in Andrew County and of that number 155 actually voted and participated in the election. The *Savannah Reporter and Andrew County Democrat* had 2,945 subscribers, 1904 of whom lived in Andrew County with

fifty-one subscribers among the qualified voters in the territory affected. The *Union Star Times* had forty-nine subscribers among the qualified voters in the affected territory in Andrew County.

After the county board of education has made a survey and prepared detailed plans for the reorganization of school districts and the plans have been approved (Mo. R. S. 1949, Secs. 165.673, 165.677) the secretary of the county board of education "shall call an election in each proposed enlarged school district that lies wholly within the county or has been designated by the state board of education as belonging to the county. The notices of such election shall be by written or printed notices, signed by the president and secretary of the county board of education. *Such notices* shall be posted in at least three public places within each school district affected by the proposal and *shall also be published* at least two times *in at least one newspaper of general circulation in the county or counties affected* by said proposed enlarged district, the last published notice not less than six days prior to the date of election." Mo. R. S. 1949, Sec. 165.680.

The trial court held that the publication in the DeKalb County newspaper fulfilled the requirements of the statute and that the consolidation was not invalid for that reason. The appellants' position is this: "The failure to publish the notice of said special election in at least one newspaper of general circulation in Andrew County, Missouri, at least two times, the last published notice to be at least six days before the proposed election, is a complete failure to follow the mandatory provisions of said statute. The requirement of said statute that said notice be published in at least one newspaper in the county or counties affected, is as mandatory and imperative as the provision to post the notices of said special election in at least three public places in each district affected by said proposed election."

Substantial compliance with the statutory provisions prescribing the notice and regulating the calling of special elections for proposed school consolidations is mandatory. State ex rel. v. Holmes, 358 Mo. 1237, 219 S. W. (2) 650; State ex inf. Burges v. Potter, (Mo.) 191 S. W. 57. But the statute does not specifically require, as the appellants in effect argue, that the notice must have been published in both counties. The statute provides that the notice shall be "published * * * *in at least one newspaper of general circulation in the county or counties* affected * * *." The notice here was published in four newspapers. It is tacitly conceded, as is the fact in the stipulated circumstances, that the newspapers are of "general circulation" in the proposed enlarged district, including the affected voters and areas in Andrew County. 18 Words & Phrases, p. 171; 39 Am. Jur., Sec. 8, p. 5. Under the stipulated facts there was literal and substantial compliance with the mandatory provisions of the statute even though the notice was not published in the one

paper in Andrew County. State v. Morgan, 144 Mo. App. 35, 41-42, 128 S. W. 839; Ex Parte Leach v. McDonald, 231 Mo. 586, 132 S. W. 1075; Armantrout v. Bohon, 349 Mo. 667, 162 S. W. (2) 867; State ex inf. Kamp v. Pretended Consolidated School Dist. No. 1, 359 Mo. 639, 223 S. W. (2) 484; Polzin v. Rand, McNally & Co., 250 Ill. 561, 95 N. E. 623. The consolidation was not invalid for the reasons urged here and, accordingly, the judgment is affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.