**AMERICAN LEGION PHILLIPS POST,**
Harold Blades, Ira Blades, Earl Kizer,
Charley Hawk and May Hawk, George O.
Schrader, M. D. Burge, W. F. Barton and
Vernoy A. East, Appellants,

v.

**CITY OF MALDEN,** a municipal
corporation, Respondent.

No. 7766.

Springfield Court of Appeals.

Missouri.

Nov. 25, 1959.

Jones & Jones, Kennett, for plaintiffs-appellants.

Sharp & Hatley, Malden, for defendant-respondent.

RUARK, Judge.

This case set sail on an Odyssean journey in 1951, survived delays and perils which might have been planned by Poseidon (including the switching of circuit judges in midtrial), and has finally arrived in the rocky harbor of this court for decision. The reasons for this odyssey sprang into life when Malden, a city of the fourth class, almost literally spread its wings by annexing what is referred to as "the Malden Air Base," consisting of some 2,680 acres, together with a corridor extending along Highway 25 a distance of some two and a fourth miles from the north city limits of the town, so as to effectually connect the city with the former air base area. The total area so annexed is several times the extent of the city prior to the annexation. The election was held on July 11, 1950, and was governed by Section 79.020 RSMo 1949, V.A.M.S., which provides that the election "shall be held upon such notice * * * as may be prescribed by ordinance or resolution of such city." The ordinance submitting the question at election provided for notice in the *Malden Merit*, a weekly newspaper, on *four successive weeks*, the last publication to be not less than fourteen days before the election. Actually, by some inadvertence, the notice was published for only *three successive weeks*, on June 9, 16, and 23. At such election the vote was 366 for and 187 against. At the city election held in April 1949 the total vote cast was 1,239.

Two objections are made by the appellants: first, the annexation was void be-cause of insufficiency of notice; and second, it was unreasonable. We first address the question of notice, for if its insufficiency was "jurisdictional" anything we might have to say concerning the second contention would be *obiter*.

■ Although there is frequent conflict in the body of the case law, the general rule is that, assuming an election is called or held pursuant to the lawful call or direction of a body having authority to order the election,[1] the necessity of notice to the voters is dependent upon the applicable statute.[2] If the election is one held at a time which is fixed by statute (such as a general election) and which the voters are therefore presumed to know, then the provisions in respect to notice are usually held to be directory. But if it be a special election, then the provisions in respect to notice are much more strictly construed and the requirements as to notice are generally held to be mandatory. 29 C.J.S. Elections § 72, p. 95, et seq.; 18 Am.Jur., Elections, sec. 110, p. 248, et seq.; McQuillin, Municipal Corporations, vol. 3, sec. 12.10, p. 76; see Annotation, 119 A.L.R., p. 661; State ex rel. City of Berkeley v. Holmes, 358 Mo. 1237, 219 S.W.2d 650, and cases cited; State ex inf. Stipp ex rel. Stokes Mound School District No. 7 v. Colliver, Mo., 243 S.W.2d 344; Ward v. Consolidated School District No. 136 of Nodaway County, 225 Mo.App. 1139, 16 S.W.2d 598; and cases *post*. But even in a special election if there has been a full, fair, and free expression of will by the great body of the electorate and it does not appear there is probability that a substantial number of citizens were deprived of their vote, or that there is a reasonable probability that the result of the election would have been changed had the statutory injunctions been strictly complied with, then a *substantial compliance*

---

1. State ex inf. Mooney ex rel. Stewart v. Consolidated School District No. 3, Mo. App., 281 S.W.2d 511(3); Walker Reorganized School District R-4 v. Flint, Mo.App., 303 S.W.2d 200(5).

2. State ex rel. Fahrman v. Ross, 160 Mo. App. 682, 143 S.W. 502, 505; State ex rel. School District of Affton v. Smith, 336 Mo. 703, 80 S.W.2d 858, 860.

with the legislative directions in respect to the preliminary steps and the issuance, form, manner, and content of the notice is sufficient. Eberle v. Plato Consolidated School District No. C–5 of Texas County, Mo., 313 S.W.2d 1, 5; Ward v. Consolidated School District No. 136, supra, 16 S.W.2d 598; State ex rel. City of Memphis v. Hackman, 273 Mo. 670, 202 S.W. 7; State ex inf. McAllister ex rel. Lincoln v. Bird, 295 Mo. 344, 244 S.W. 938; State ex rel. Board of Fund Commissioners v. Holman, Mo., 296 S.W.2d 482; State ex inf. Latham ex rel. Dawes v. Allen, 361 Mo. 963, 237 S.W.2d 489; see 18 Am. Jur., Elections, sec. 110, p. 248. This is on the theory that the people, once having freely spoken at a fair election, are not to be deprived of their decision because of mere irregularities caused by the misconduct, incompetence or inadvertence of some official. State ex inf. Mooney ex rel. Stewart v. Consolidated School District No. 3, Mo.App., 281 S.W.2d 511; Wood v. City of St. Joseph, 238 Mo.App. 1212, 186 S.W.2d 212.[3]

The position of the appellants is that since the ordinance which provided for the election required notice to be published for four successive weeks and the notice was for only three weeks, the special election is void because it did not comply with the mandatory requirement for such. The position of respondent, and the view taken by the lower court, is that three weeks' notice was *substantial compliance*.

■ Since the statute delegated to the governing body of the city the duty and authority to determine and fix the time necessary to bring notice to the voters, such determination is to be regarded in the same light as a legislative act and

must be considered as a statutory requirement for such notice. State ex inf. Stipp ex rel. Stokes Mound School District No. 7 v. Colliver, supra, 243 S.W.2d 344; State ex rel. Hemmesmeyer v. Reid, 134 Mo.App. 582, 114 S.W. 1116; see Ex parte Williams, 345 Mo. 1121, 139 S.W.2d 485, 491; Embree v. Kansas City-Liberty Boulevard Road District, 257 Mo. 593, 166 S.W. 282, 288; Haeussler Inv. Co. v. Bates, 306 Mo. 392, 267 S.W. 632, 634. The general, although not unanimous, view is that in annexation proceedings the statutory regulations in regard to notice must be strictly complied with. 62 C.J.S. Municipal Corporations § 55, p. 157; 66 C.J.S. Notice § 9, p. 642. And an examination of the Missouri cases shows that, without exception in so far as we are able to find, *timeliness* or *quantity* of notice of special elections has been held to be mandatory and the notice must conform strictly and fully with the statute or order which requires it.

In State ex rel. Hemmesmeyer v. Reid, supra, 114 S.W. 1116, a local option case, the statute provided for published notice " * * * in some newspaper * * * for four consecutive weeks, * * * and such other notice may be given as the county court or municipal body ordering such election may think proper, in order to give general publicity to the election." Rev.St.1899, § 3029. The county court provided for notice of four insertions in three weekly newspapers for the required four weeks. The notice was published in two of these papers, but in the third paper the notice ran for *only three weeks*. The court held, 114 S.W. loc. cit. 1117, "The county court having exercised the discretion conferred and ordered the notice to be published for four consecutive weeks in each of the three papers mentioned, noth-

---

3. But the above rule would not apply where the statute makes the election void if the exact requirements are not strictly met. Nance v. Kearbey, 251 Mo. 374, 158 S.W. 629, 631; Horsefall v. School District, City of Salem, 143 Mo. App. 541, 128 S.W. 33, 34; Ousley v.

Powell, Mo.App., 12 S.W.2d 102; Riefle v. Kamp, 241 Mo.App. 1151, 247 S.W.2d 333, 338; Elliott v. Hogan, Mo.App., 315 S.W.2d 840, 846; State ex inf. McAllister ex rel. Lincoln v. Bird, 295 Mo. 344, 244 S.W. 938.

ing less than that publication will satisfy the end sought to be attained by the law." To the same effect were the holdings in State ex rel. Doran v. Johnson County Court, 138 Mo.App. 427, 122 S.W. 316; State v. Robertson, 142 Mo.App. 38, 125 S.W. 215; State v. Green, Mo.App., 189 S.W. 1195.

In State ex inf. Burges ex rel. Marbut v. Potter, Mo., 191 S.W. 57, a school consolidation election, the statute required ten notices posted fifteen days ahead. The superintendent posted eight notices which met the fifteen day requirement. On the next day he posted four additional notices which were fourteen days before the election, short by one day. Such notice was insufficient.

In State ex rel. v. Martin, 83 Mo.App. 55, it was held that twenty-five days' notice was not suitable compliance with a statute which required twenty-eight days.

In Bean v. Barton County Court, 33 Mo. App. 635, the statute provided for publication of notice for four consecutive weeks before the election. Publication for four weekly insertions which commenced only twenty-two days prior to election was not compliance.

In State ex rel. Reorganized School District No. R–6 of Daviess County v. Holman, Mo., 275 S.W.2d 280, loc. cit. 283, it was indicated that three publications which fell short by one day were not "timely."

State ex rel. City of Berkeley v. Holmes, 358 Mo. 1237, 219 S.W.2d 650, which we think is decisive of our question, dealt with a municipal bond election for which the statute prescribed a notice for three consecutive weeks, the first to be at least *twenty-one days* before the election. The actual

publication was only *nineteen* days before the election, a difference of two days. There, as here, substantial compliance was urged, but the court in banc, speaking through Judge Hyde, stated, 219 S.W.2d loc. cit. 653, "Variations as to form of notice or of ballots, which could not mislead voters, may reasonably be held to be substantial compliance. * * * However, when time requirements are so specifically stated as those in Section 7369 [Section 95.145 RSMo 1949, V.A.M.S.], it seems to us that calling anything less substantial performance would amount to judicially amending the statute." This case clearly delineates the general rules in regard to election notice and contains a collection of authorities on the subject. It has since been followed in Young v. Brassfield, 241 Mo.App. 35, 228 S.W.2d 823.

■ We conclude that, while there may be a "substantial compliance" in something less than exactness when the form, content or regularity of issuance of the notice of a special election is concerned, the legislative requirements as to time and quantity of the notice must be strictly complied with and that the only substantial compliance is *actual*, compliance in full.[4] A holding that a lesser notice will do would amount to judicial legislation on our part. For the reasons foregoing we are compelled to hold the election invalid, and the judgment is reversed.

STONE, P. J., and McDOWELL, J., concur.

On Motion for Rehearing

RUARK, Judge.

Respondent has filed motion for rehearing based upon the fact that *since our*

---

4. We do not have before us, and we do not pass upon, a situation where the vote cast makes it clear that *no other possible result* could have been reached had the requirements of notice been strictly met. Those interested might examine State ex inf. Brown v. Sengstacken, 61 Or. 455, 122 P. 292; Shekelton v. Toole County, 97 Mont. 213, 33 P.2d 531; or Coffee v. Lieb, Tex.Civ.App., 107 S.W.2d 406; and Ward v. Consolidated School District No. 136 of Nodaway County, 225 Mo.App. 1139, 16 S.W.2d 598, 601; or Bowers v. Smith, 111 Mo. 45, 20 S.W. 101, 16 L.R.A. 754 (dissenting opinion); and the cases cited under note 3.

*opinion was handed down* counsel have examined the files of the *Malden Merit* and have discovered that the publication was actually made for four consecutive insertions. This comes after the fact of (only) three publications was charged in the petition, admitted in the answer, proved in the evidence by Exhibit A, considered by the trial court in passing on the case, and briefed and argued in this court by both parties on that conceded fact.

■ We know of no law or rule of procedure which would permit the court to send the case back now upon the ground of newly discovered evidence. There are several reasons why we may not do so, but a sufficient one is that a case is finished when it has been fairly tried on the facts which the parties make available to the court and is finally disposed of in the appellate court on the facts and theory presented. It then becomes "a closed book binding on the parties to the suit." Shepard v. Shepard, 353 Mo. 1057, 186 S.W.2d 472, 477. Otherwise there would be no end to litigation. The motion is overruled.

STONE, P. J., and McDOWELL, J., concur.