**L. R. GRAY, L. L. Jolliff and Jack Andrews, Appellants,**

v.

**REORGANIZED SCHOOL DISTRICT R-4 OF OREGON COUNTY, Missouri, Haskell Holman, State Auditor, et al., Respondents.**

No. 49014.

Supreme Court of Missouri,

En Banc.

March 26, 1962.

Wm. C. Scott, West Plains, for appellants.

Thomas F. Eagleton, Atty. Gen., Wayne W. Waldo, Asst. Atty. Gen., Jefferson City, for respondent Holman.

A. W. Landis, Hogan & Hogan, Robert E. Hogan, West Plains, Patrick O. Freeman, Jr., Thayer, for respondent School District

LEEDY, Judge.

At a special election held Saturday, March 25, 1961, there was submitted to the voters of Reorganized School District R–4 of Oregon County a proposition that the district incur indebtedness in the sum of $330,000 and issue bonds for the payment thereof for the purpose of purchasing a site, erecting thereon a new high school building, and furnishing the same. The proposition carried by the requisite two-thirds majority (Art. VI, § 26(b), Const. of Mo.1945, and § 165.040 [1]), 1477 ballots having been cast for the loan and 636 against it. Plaintiffs, as resident taxpayers of the district, then brought this action in two counts challenging the legality of the election, and, in consequence, the validity of the bonds. One count sought an injunction against the State Auditor enjoining registration of the bonds under § 108.240, and the other count was for a declaratory judgment determining the district to be without authority to issue the bonds. The trial court found the issues in favor of defendants and against plaintiffs, and entered judgment declaring the validity of the bonds and denying the injunction, from which judgment plaintiffs have appealed.

All grounds of attack upon the election and the bonds have been abandoned, except one, so that the single question for determination on this appeal is that of the sufficiency of the notice of election.

---

1. All statutory references are to RSMo 1959 and to the corresponding section numbers of V.A.M.S., unless otherwise noted.

§ 165.040, under the authority of which the election in question was held, provides with respect to notice as follows: "Notice of such election shall be given at least fifteen days before the same shall be held, by at least five written or printed notices, posted in five public places in the school district where such election is to be held, stating the amount of the loan required, and for what purposes. It shall be the duty of the clerk to sign and post such notices. * * *"

The notice in question was appropriately headed "Notice of Bond Election, Oregon County School District R–4 of Oregon County, Missouri." Its pertinent recitals were that notice "is hereby given to the qualified voters * * * that a special election will be held in said School District on Saturday, March 25, commencing at six o'clock A.M., and closing at seven o'clock P.M., * * * ." After specifying the purpose of the election (as hereinabove set out), designating the four polling places, and stating that the "voters at said election will vote by ballot in the form provided by law," it concluded thus:

"Done by order of the Board of Education this 2nd day of March, 1961.

"(Signed)   D. H. Gohn
              "Secretary of the Board of
              Education of Oregon
              County School District
              R–4 of Oregon County,
              Missouri."

■  The defect in this notice of which plaintiffs complain is that it gave "Saturday, March 25" as the date of the election, but omitted to state or include the year in such date-designating phrase. In furtherance of their position, the first proposition advanced by plaintiffs is (as has been frequently held) that time and place are of the substance of every election, and failure to comply with the law in these particulars is not generally to be treated as a mere irregularity. State ex inf. Stipp, etc. v. Colliver, (Mo.) 243 S.W.2d 344, 349;

Cooley on Const'l Limitations, 8th Ed., Vol. II, 1399; State ex rel. Fahrman v. Ross, 160 Mo.App. 682, 693, 143 S.W. 502. From this premise it is argued that the omission to specify the year in the designation of the time for holding the election amounted to a failure to state when the election would be held, and hence violative, and within the condemnation, of this rule. Alternatively, it is contended that the doctrine of substantial compliance is not here applicable because of the rule that legislative requirements as to time and quantity of notice of such a special election as the one in question must be strictly complied with, so that as to those matters the only substantial compliance is actual compliance in full. State ex rel. City of Berkeley v. Holmes, 358 Mo. 1237, 219 S.W.2d 650; American Legion Phillips Post v. City of Malden, (Mo.App.) 330 S.W.2d 189.

■  One of the prime objects of the notice required by § 165.040 is to apprise the electorate when the election is to occur. "The date in its ordinary meaning imports the day, month, and year, and this is also the legal significance of the word, and unquestionably is the popular as well as the technical meaning, the day of the month being quite as much a part of the date as the month or the year. When day, month, and year are thus stated, the term is definite, certain, and complete." 25 C.J.S. 1003. See, also, Interior Linseed Co. v. Becker-Moore Paint Co., 273 Mo. 433, 202 S.W. 566. It is to be noted that § 165.040 does not provide that the "date" of the election shall be embodied in the notice, at least not in the precise sense that the term "date" is defined above; but undoubtedly the notice must contain a sufficient designation of the time at which the election is to be held as will fairly and distinctly inform the voters thereof. It may be conceded that the requirements of careful and exact draftsmanship would not be satisfied by the statement in such a notice of anything less than day, month and year, but here we are dealing with a statutory provision the execution of which will usually be carried

out by laymen or those unskilled in the niceties of legal phraseology, and therefore its interpretation should not be so narrow and unyielding as to render it unworkable in the hands of those who are to administer it. In this connection, it may be added that there had been eight previous special bond elections held in the district within less than two years next before March 25, 1961, at each of which this proposition (identical except for a reduction of $20,000 in the amount sought to be authorized) had been submitted—and defeated. The last of such preceding elections next before the one in question had been held on February 25, 1961, a matter of a few days before the posting of the present notices. The total number of votes cast in the challenged March 25, 1961 election exceeded by 25% the highest vote in any of the preceding bond elections.

Plaintiffs urge upon us as persuasive authority a case decided by the Supreme Court of Wisconsin, State ex rel. Baxter v. Beckley, 192 Wis. 367, 212 N.W. 792, where the year was held to be an essential part of the required date to be appended to the signature of each of the voters joining in the recall petition there involved, and for the omission of which as to a number of signatures thereon, such petition was held insufficient to require the holding of the recall election. We do not pause to further notice that case, not so much because it did not involve the sufficiency of a notice of election, but, more importantly, we think that, on the merits, the dissenting opinion (which rejected the interpretation just mentioned) represented the better and more logical view. Opposed in principle to this Wisconsin holding is our own case of Adams v. Boyd, 332 Mo. 484, 490, 58 S.W.2d 704, 706, where, with respect to the time of a foreclosure sale under a deed of trust, the notice merely stated that such sale would be held "on December 10, between the hours of Nine o'clock A.M. and Five o'clock P.M.," and omitted to state the year; held, that the current year was meant, and the sale valid. A like holding

is found in Parmly v. Walker, 102 Ill. 617. And see 86 C.J.S. Time § 10, p. 838, where it is stated, "When a month is referred to without any designation of the year, it will be understood to be of the current year unless, from the connection in which it is used, it is apparent that another year was intended * * *."

■ The notice did fail to give the date of the election as fully and completely as it might have been stated, but even so the case is not governed by such cases as State ex rel. City of Berkeley v. Holmes, supra, and American Legion Phillips Post v. City of Malden, supra, as plaintiffs contend. In the former case, the statute required that notice of the special bond election be published once a week for three consecutive weeks in a newspaper, and that the first publication be at least twenty-one days before, and that the last be within two weeks of, the date of the election. There the first publication was only nineteen days (not twenty-one) before the date of the election, and this was held to invalidate the election, the statutory provisions as to time of notice being mandatory. The latter case applied the same principle, the holding being that inasmuch as the special election ordinance required four weeks' publication before the special annexation election, three weeks' publication was not a substantial compliance, thus rendering the election invalid. After reviewing the authorities, the opinion properly concluded "that, while there may be a 'substantial compliance' in something less than exactness when the form, content or regularity of issuance of the notice of a special election is concerned, the legislative requirements as to time and quantity of notice must be strictly complied with and that the only substantial compliance is actual, compliance in full. A holding that a lesser notice will do would amount to judicial legislation on our part." It is apparent that unless omission of the year amounted to a failure to state when the election would be held, these cases are not in point for the reason that no question arises as to the fact

that the notices in question were posted at least fifteen days before the election was held. Only in the event the notices had been posted less than fifteen days before the election would our case be brought within the doctrine of the Holmes and City of Malden cases.

It may be noted that in the years following 1961, March 25 would not again fall on Saturday until 1967. The notice was dated "March 2nd, 1961," and informed the voters that the election would be held "Saturday, March 25." Surely no reasonable person reading this notice as a whole would conclude that the election would be held in 1962, or some subsequent year. On the contrary, it seems obvious that it was sufficient to advise any such person that the election was imminent and would occur in the then current year, and we so hold. It therefore met the requirements of the statute and was sufficient.

Judgment affirmed.

All of the Judges concur.