STATE of Missouri ex rel. Gordon R. BOYER, Prosecuting Attorney of Barton County, Missouri ex inf. Robert Forst, Gertrude Forst, Frank Morey, Rosa Morey, G. E. Brinkerhoff, and Dorothy Brinkerhoff et al., Respondents,

v.

Max WHITTLE, Glenn Beer, Leonard McCall, Delbert Webb, True Medlin, Jr., Oscar Clyman, Members of the Golden City, Missouri School Board, R–6, Appellants.

No. 51441.

Supreme Court of Missouri, Division No. 1.

April 11, 1966.

Gordon R. Boyer, Lamar, Ewing, Ewing, Ewing, Carter & Wight, Nevada, for respondents.

Frieze & Crandall, Carthage, for appellants.

HOUSER, Commissioner.

Quo warranto proceeding against the members of Golden City, Missouri, School Board, R–6, for a judgment of ouster for usurping and unlawfully holding the offices of School Directors of Glendale School District No. 59. The trial court heard the evidence, found for relators, issued its writ of quo warranto, adjudged Whittle, et al. to be usurpers, ousted them and ordered the return of the books, papers, records, money and property of the Glendale district to its board of directors. The ousted directors have appealed. This court has appellate jurisdiction since this proceeding involves "title to [an] office under this state." Art. V, § 3, Constitution of Missouri 1945, V.A.M.S.; State ex inf. Stipp ex rel. Stokes Mound School Dist. No. 7 v. Colliver, Mo. Sup., 243 S.W.2d 344.

The information in quo warranto sought ouster on the basis of the invalidity of a special election called for the purpose of voting on the annexation of the Glendale district by the Golden City district, under § 165.300 RSMo 1959, V.A.M.S.,[1] the infirmity allegedly existing because the notices of election were posted 14 days before the date of the election, not 15 days as required by then-applicable § 165.200 RSMo 1959, V.A.M.S.[2]

On this appeal the ousted directors' first point is that the court erred in its ruling that the election was void because "it was established by the evidence and clearly demonstrated that the election results would have been no different * * * had the statute concerning notice * * * been literally and strictly complied with."

Thirty-four electors resided in the district on the date of the election, March 27, 1964. Thirty-one of them cast ballots. Sixteen voted for annexation; fifteen voted against. Two of the thirty-four (the Lawsons, tenants of Frank Morey) did not vote

on March 27 because on that date they had lived in the district only twenty days. Relators pleaded that the election was called for April 8 but thereafter by a 2–1 vote the date was advanced to March 27, "to prevent votes being cast by two persons known to be opposed to annexation and who were not qualified to vote on March 27th because of residence, but who would have been qualified to vote on April 8th; that there was another qualified voter opposed to annexation who might have been able to vote in the election on April 8th but could not appear on March 27th." The "two persons" were Mr. and Mrs. Lawson. Mr. Lawson testified that he moved into the district on March 7, did not vote in the March 27 election, but had the election been held April 7 he would have voted against the annexation. Mrs. Lawson testified that if the election had been held on April 8 she would have voted. When asked how she would have voted, for or against annexation, an objection was sustained, and an offer of proof was made that she would have voted against. Relators do not deny that the Lawsons were ineligible to vote on March 27. In their brief they say that the testimony "would indicate" that the election was moved up solely for the purpose of preventing their voting, but they did not allege or prove that the Lawsons were fraudulently deprived of their right to vote. Relators offered to prove that the president of the board made a statement at the meeting at which the date of election was advanced to March 27 that if the vote was held on April 7 or 8 "Frank Morey's renter [Lawson] would then be qualified to vote and we don't want them to vote" but they defend the action of the trial court on the ground of improper notice, not on the ground that the election was fraudulently held on the advanced date or that opponents of annexation were fraudulently deprived of the right to vote. This accounts for thirty-three of the thirty-four electors. The

1. Amended Laws of Mo.1963, p. 200, § 3–43, pp. 341 and 342, renumbered § 162.441, Mo.Rev.St.1965 Cumulative Supplement.

2. Amended Laws of Mo.1963, p. 200, § 3–74, renumbered § 162.741, Mo.Rev.St. 1965 Cumulative Supplement.

thirty-fourth and last was Don Kaderly, a 21-year-old man who claimed his residence in the district at the home of his parents but who was living and working in Kansas City and not physically present in the district during March, 1964 except for a 24-hour period one weekend approximately one week before the election. If the notices had been posted on March 12 when they should have been posted instead of March 13 when they were actually posted, Kaderly would have been none the wiser because he was not physically present in the county on March 12 and therefore could not and would not have seen them. Apparently he did not see the notices on the occasion preceding the election (around March 21) when he spent a day and night with his parents. He testified that he had no knowledge of the election until six months after it was held. There is no proof that if Kaderly had known about the election he would have been there to vote. That this is improbable appears from his answer ("It is hard to say") when asked the question, and from the fact that he was working in Kansas City, had never voted in any election, and as far as this record shows had no particular interest in the issue submitted. Kaderly was permitted to testify, over objection, that if he had been able to vote in the election he would have voted against annexation.

■ The election of March 27, 1964 was a special election. Generally, statutory provisions as to notice of special elections are mandatory, must be strictly followed, and failure to properly call a special election will invalidate it. 29 C.J.S. Elections § 72, pp. 164, 165; State ex inf. Stipp ex rel. Stokes Mound School Dist. No. 7 v. Colliver, Mo.Sup., 243 S.W.2d 344; American Legion Phillips Post v. City of Malden, Mo.App., 330 S.W.2d 189, and authorities cited, l. c. 190. A special election, however, will not be vitiated by failure to comply strictly with the statutory requirements with respect to the giving of notice where the electors were in fact informed of the time, place and purpose of the election and generally voted on the question submitted; where it is not shown that the electors did not participate in the election because of lack of notice or knowledge or that a different result would have obtained if the full statutory notice had been given. 29 C.J.S. Elections §§ 72, 73; Colliver and Malden cases, supra.

■ In this case there was a unanimous turnout of all qualified electors living in the district. Where all of the qualified and eligible voters living in a district come to the polls and cast their ballots the object of notice (to afford the voters knowledge of fact, time and place of a coming election and an opportunity to present themselves at the polls) is attained, the law is satisfied and the legality and efficacy of notice becomes immaterial. The people, once having freely spoken at a fair election, are not to be deprived of their decision because of mere irregularities caused by the incompetence or inadvertence of some official. American Legion Phillips Post v. City of Malden, supra; State ex inf. Mooney ex rel. Stewart v. Consolidated School Dist. No. 3, Mo.App., 281 S.W.2d 511; Wood v. City of St. Joseph, 238 Mo.App. 1212, 186 S.W.2d 212.

■ The vote was 16–15 in favor of annexation. One additional vote cast against annexation would have resulted in a tie vote, in which event the proposition would not have carried. The election is not to be upset, however, because one qualified and eligible elector, a legal resident of the district living temporarily outside the district, who did not vote, testified that if present he would have voted against annexation. There was no proof that if Don Kaderly had been notified of the election he would have been present; nothing to show that he would have left his work and made the trip from Kansas City to the district to cast his ballot. Even if this had been proved the court could not properly accept and give effect to this elector's post-election, in-court declaration that he would have voted against annexation. His testimony that he

would have so voted should not have been received in evidence over defendants' objection. The uncertainty and danger of trying to ascertain and give effect to the post-election declarations of electors as to how they would have marked and cast their ballots if they had voted is well pointed out in the quotation from Pennington v. Hare, 60 Minn. 146, 62 N.W. 116, in State ex inf. Walker ex rel. Wagster v. Consolidated School Dist. 4C, Dunklin County, 240 Mo. App. 91, 213 S.W.2d 271, 275.

In case of reversal of the judgment relators ask for remand to give them an opportunity to plead and prove that they were unlawfully deprived of a right to have an election on April 7 on a question of change of boundaries of the Glendale school district. Unless it is made to appear that the parties asking for a remand for this purpose may be entitled to relief not fully developed by the pleadings and evidence we will not thus exercise our discretion. Relators have not advanced or developed a theory sufficiently definite to indicate the nature of their claim or a basis upon which they might be able to establish a right to relief in the event of such a remand. In any event, since we are upholding the annexation voted on March 27 (the result of which was to eliminate the Glendale school district as an entity), any question about the right to hold an election in that district on a subsequent date becomes moot.

Judgment reversed and cause remanded with directions to set aside the judgment and enter judgment denying the writ of quo warranto, establishing the results of the election of March 27, 1964 and upholding the title of the ousted directors to the offices in question.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.